WILLIAM G. GRABLE, appellant, *v.* THOMAS MARGRAVE, appellee.

*Appeal from Gallatin.*

In an action to recover damages for the seduction of a daughter, proof of the condition in life and pecuniary ability of both the plaintiff and defendant, is properly admitted to go to the jury. In such an action, the father may not only recover the damages he has sustained, by the loss of service, and the payment of necessary expenses, but the jury may award him compensation for the disgrace cast upon his family, and the loss of the society and comfort of his daughter.

THIS cause was heard in the Court below, at the September term, 1841, before the Hon. Walter B. Scates and a jury. Verdict and judgment were rendered for the plaintiff for $300 damages. The defendant appealed to this Court.

(1) 1 Scam. 388.

J. SHIELDS and J. C. CONKLING, for the appellant.

A. LINCOLN, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *trespass on the case*, instituted in the Gallatin Circuit Court, by Margrave against Grable, for the seduction of the daughter of Margrave. On the trial, the Court permitted the plaintiff to introduce evidence in relation to the pecuniary ability of the defendant. The Court also permitted the plaintiff to introduce evidence tending to show that the plaintiff was a poor man, in a pecuniary point of view. To these decisions of the Court, the defendant excepted, and judgment having passed against him, he now assigns them for error.

This action was originally given to the master, to enable him to recover damages for the loss of service occasioned by the seduction of his servant. He was restricted, in his recovery, to the damages resulting from the loss of service. The loss of service is still the legal foundation of the right to recover, and the father cannot maintain the action without averring in his declaration, and proving on the trial, that, from the consequences of the seduction, his daughter is less able to perform the duties of servant. But the rule of damages originally governing the action, has, for a long time, been so far extended, as to authorize the father to recover damages beyond the mere loss of service, and expenses consequent on the seduction. Lord Ellenborough, in the case of Irwin *v.* Dearman, (1) says, however difficult it may be to reconcile to principle the giving of greater damages, the practice is become inveterate, and cannot now be shaken. In Tullidge *v.* Wade, (2) Chief Justice Wilmot remarks, "Actions of this sort are brought for example's sake, and although the plaintiff's loss, in this case, may not really amount to the value of twenty shillings, yet the jury have done right in giving liberal damages." The Court, in Tilletson *v.* Cheatham, (3) quoting the foregoing decisions with approbation, says, "The actual pecuniary damages, in actions for defamation, as well as in other actions for torts, can rarely be computed, and are never the sole rule of assessment." And it has been repeatedly held, that, in this action, the father may recover not only the damages he has sustained, by the loss of service, and the payment of necessary expenses, but the jury may award him compensation for the dishonor and disgrace cast upon him and his family, and for the being deprived of the society and comfort of his daughter. In vindictive actions, and this is now regarded as one, the jury are always permitted to give damages, for the double purpose of setting an example, and of punishing the wrong-doer. For these purposes, proof of the condition in life, and circumstan-

(1) 1 East 24.　　　(2) 3 Wils. 18.　　　(3) 3 Johns. 56.

ces, as well of the father and his family, as of the party committing the injury, is highly proper, and should be given to the jury, and considered by them in estimating the damages. (1)

The pecuniary ability of the defendant is peculiarly the proper subject of enquiry. If the jury are permitted to awe others, by way of the example, and to punish the defendant, his wealth and standing in society will, in a considerable degree, determine the amount of damages. A verdict which, as against one individual, would be sufficient for all purposes, would, as against another, be scarcely felt, by reason of the difference in their ability to respond in damages. The Court, therefore, decided correctly, in admitting the evidence in relation to the pecuniary ability of the defendant. Upon the other point, we are clearly of the opinion the Court decided right, in admitting evidence showing the pecuniary condition of the plaintiff. This evidence does not go to the jury, as was stated in the argument, for the purpose of exciting their prejudices in favor of the plaintiff, because he is a poor man, but to enable them to understand fully the effect of the injury upon him, and to give him such damages as his peculiar condition in life and circumstances entitle him to receive. It is easily perceived how a poor man would be more seriously injured by the loss of the service of his daughter, and the payment of expenses necessarily incurred in consequence of her seduction, than the individual more favorably circumstanced as to property. With the one, the injury might, for a time, deprive him and his family of many of the necessaries and comforts of life; while, with the other, no such result would be produced.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) 2 Wils. 206; 3 Johns. 56; 3 Stark. Ev. 1309; 4 Phil. Ev. 218.