CHARLES McNAMARA, appellant, *v.* GEORGE KING, appellee.

*Appeal from Kane.*

In an action of trespass for an assault and battery, the Court permitted the plaintiff to prove, that he was a poor man with a large family, and that the defendant was a wealthy man, with no children, and but a small family. The Court also instructed the jury, " that if they found the defendant guilty, in assessing the plaintiff's damages, they had a right to take into consideration the circumstances of the parties:" *Held,* that the Circuit Court decided correctly in admitting the evidence and in giving the instruction.

In actions of trespass for assault and battery, the condition in life, and circumstances of the parties are peculiarly the proper subjects for the consideration of the jury in estimating the damages. They may take into consideration the pecuniary resources of the defendant; and may give exemplary damages, not only to compensate the plaintiff, but to punish the defendant, according to the circumstances of the case.

The amount of damages to be recovered in actions for personal injuries, rests so much in the discretion of juries, that Courts will not disturb their verdicts on the ground that the damages are excessive, unless it is manifest that they have been governed by passion, partiality or corruption. To draw such a conclusion, it is not enough that the damages, in the opinion of the Court, are too high, or that a less amount would have been a sufficient satisfaction for the injury. It must be apparent, at first blush, that the damages are glaringly excessive.

TRESPASS for an assault and battery, in the Kane Circuit Court, brought by the appellee against the appellant. The

cause was heard before the Hon. John D. Caton and a jury, at the September term 1845, when a verdict and judgment was rendered for the plaintiff below for $650 damages.

The evidence in the case is sufficiently stated in the Opinion of the Court.

The cause was submitted to this Court on the plaintiff's abstract, and the defendant's brief.

*J. B. Thomas,* and *A. Lincoln,* for the appellant.

*I. G. Wilson,* for the appellee.

1. In actions for personal injuries Courts will not set aside verdicts for excessive damages, unless the damages are so excessive as to make it manifest that the jury acted from passion, partiality, or corruption; and to enable the Court to draw this conclusion, it is not enough that, in their opinion, the damages are too high, or that much less damages would have been a sufficient satisfaction to the plaintiff. *Coffin* v. *Coffin,* 4 Mass. 40, 43; 8 Burr. 609; 3 Com. Dig. 3 57; *Johnson* v. *Moulton,* 1 Scam. 532.

In *Coffin* v. *Coffin* before cited, Chief Justice Parsons says: "Judges should be very cautious how they overthrow verdicts given by twelve men on their oaths on the ground of excessive damages." "And it must be a glaring case, indeed, of outrageous damages in a tort, and which all mankind at first blush must think so, to induce the Court to grant a new trial, for excessive damages." There is a manifest difference between cases where the damages may be estimated, as in promises and trespasses for goods, and where the damages are matters of speculation and are ideal.

2. A Court will not grant a new trial where substantial justice has been done between the parties, although the law arising on the evidence would have justified a different result. *Smith* v. *Schultz,* 1 Scam. 491; *Wheeler* v. *Shields,* 2 Scam. 350; *Cox* v. *Kitchin,* 1 Bos. & Pul. 339; 2 Term R. 4; *Hunt* v. *Burrell,* 5 Johns. 138.

3. The jury have a right in assessing the plaintiff's dam-

ages in an action of trespass for an assault and battery, to take into consideration the wealth and condition of the defendant. His wealth affords a criterion by which the jury may judge as to the amount they ought to impose upon him as "smart money," in the nature of a penalty for his conduct. A thousand dollars would be no greater penalty to a man worth ten thousand dollars, than would be a hundred to a man worth one tenth as much.

4. There was no error in allowing proof to go to the jury that the plaintiff was a poor man with a large family. The business and circumstances of a plaintiff in actions of this character are proper subjects for the consideration of the jury in assessing the damages which he may have sustained. It is the policy of the law to protect the persons and property of the poor. The consequences of an assault upon a poor man, who has a family dependent on his labor for support, by which he is maimed for life, are surely more serious than they would be to a man in affluence. 1 Mass. 12. In the case of *Reed* v. *Davis*, 4 Pick. 216, which was an action of trespass for assault and battery, the Supreme Court of Massachusetts say: "Now, that circumstance (the poverty of the plaintiff) was to be taken into consideration by the jury. There is nothing more abhorrent to the feelings of the citizens of a free government than oppressing the poor and distressed under the forms and color of, but in reality in violation of the law. An intelligent and impartial jury may, and ought to be influenced by the proof of such an act committed by the defendants." And, again: "The plaintiff was poor. He had seen better days, but had been reduced in his circumstances. He was not thought able to do any thing in vindication of his rights at law. But in this the defendants miscalculated." "They (the jury) have proceeded upon higher grounds of damages than those which arise merely from bodily wounds and bruises. These considerations are sound and should be cherished," &c.

The case of *Lincoln* v. *The Saratoga Rail Road Company*, 23 Wend. 425, was an action on the case for negligence, by "which the plaintiff had his leg broken." The Court, in that

case, say: "And for that purpose (assessing the plaintiff's damages,) the nature of the plaintiff's business, its extent, and the importance of his personal oversight and superintendence in conducting it, may be shown." "The amount of business, the ability and attention of the plaintiff, the business season, the comparative inexperience of the partners, the money pressure in the market, and the like,—all this may be very proper for the consideration of the jury, and entitled to such weight in connection with all the circumstances of the case, in their estimate of the loss and damages, as they may think it deserves."

The Opinion of the Court was delivered by

TREAT, J. *   This was an action of *trespass*, assault and battery, commenced in the Kane Circuit Court, by George A. King against Charles McNamara. The defendant pleaded "not guilty," and several special pleas, on which issues were formed. The cause was tried by a jury. On the trial, the Court allowed the plaintiff to prove that he was a poor man with a large family; and that the defendant was a wealthy man, with no children, and but a small family. The defendant objected to the introduction of this evidence. At the instance of the plaintiff, the Court instructed the jury, that if they found the defendant guilty, in assessing the plaintiff's damages, they had a right to take into consideration the circumstances of the parties. The defendant excepted to the instruction. The jury returned a verdict in favor of the plaintiff for $650. The Court overruled a motion for a new trial, and judgment was entered on the verdict. The defendant excepted, and incorporated the whole of the testimony in a bill of exceptions. He has appealed to this Court, and now assigns for error the several decisions of the Circuit Court, in admitting the evidence objected to, in giving the instruction, and in refusing to grant a new trial.

The evidence is voluminous, and will not be here particu-

* WILSON, C. J., and LOCKWOOD, J., did not sit in this case.

larly stated. It has been carefully examined and considered. In the opinion of the Court, it shews an aggravated case of assault and battery, without any attending circumstances to justify or excuse it. The defendant assailed the plaintiff with a deadly weapon and severely wounded him, the result of which was a dangerous illness for several weeks. We cannot say that the damages were excessive. The amount of recovery in actions for personal injuries rests so much in the discretion of juries, that Courts will not disturb their verdicts on the ground that the damages are excessive, unless it is manifest that they have been governed by passion, partiality or corruption; and to draw such a conclusion, it is not enough that the damages, in the opinion of the Court, are too high, or that a less amount would have been a sufficient satisfaction for the injury. It must be apparent at first blush that the damages are glaringly excessive. *Coffin* v. *Coffin,* 4 Mass. 1; *Coleman* v. *Southwick,* 9 Johns. 45; Com. Dig. *"Damages,"* E. 7.

We are also of the opinion, that the Circuit Court decided correctly in admitting the evidence, and in giving the instruction. In actions of this kind, the condition in life, and circumstances of the parties are peculiarly the proper subjects for the consideration of the jury in estimating the damages; their pecuniary circumstances may be inquired into. It may be readily supposed that the consequences of a severe personal injury would be more disastrous to a person destitute of pecuniary resources, and dependent wholly on his manual exertions for the support of himself and family, than to an individual differently situated in life. The effect of the injury might be to deprive him and his family of the comforts and necessaries of life. It is proper that the jury should be influenced by the pecuniary resources of the defendant. The more affluent, the more able he is to remunerate the party he has wantonly injured. In this class of cases, the jury may give exemplary damages, not only to compensate the plaintiff, but to punish the defendant. The standard of damages is not a fixed one, applicable to all cases, but is to

be regulated by the circumstances of each particular case. *Grable* v. *Margrave*, 3 Scam. 372; *Reed* v. *Davis*, 4 Pick. 216; *Lincoln* v. *S. & S. Rail Road*, 23 Wend. 425.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*