STEPHENS v. THE HANNIBAL & ST. JOSEPH RAILROAD
· COMPANY, *Appellant.*

1. **Master and Servant** : VICE-PRINCIPAL. A foreman having charge
of his employer's men, who are subject to his orders only, is not
their fellow-servant with respect to orders given.

2. ——— : ———. The foreman's negligence in such case is the neg-
ligence of the employer.

3. ——— : NEGLIGENCE : OBVIOUS DANGER. Plaintiff, a section-hand
in the defendant's employment, was directed by the foreman to get
off the track on which they were working to make way for a train.
He did so, but called the foreman's attention to some stones left on
the track. The latter said, "It is time you were getting them off."
Plaintiff understood this as an order and when the train was about
one hundred yards away and rapidly approaching attempted to
move them, when he was struck by the engine and injured. *Held*
that the evidence did not show that the danger was so open and
obvious to plaintiff that he ought to have refused to obey the order,
and that a demurrer to the evidence was properly overruled.

4. ——— : ——— : ———. As the plaintiff was ordered by the master
to remove the stones, it cannot be said that he was guilty of negli-
gence in obeying the order, unless to do so was to clearly bring on
danger to life or limb.

5. ——— : ——— : ———. A servant is not, at the peril of being dis-
charged, bound to set up his judgment against that of his master
about things over which there can be a difference of opinion in the
minds of reasonably prudent persons.

6. **Negligence** : DAMAGES : EVIDENCE. Plaintiff was asked by his
attorney whether he was a married man and if so how many chil-
dren he had. The court, over defendant's objection, permitted him
to answer, first saying to the jury that they must not consider the
question or answer in fixing the amount of their verdict should it
be for plaintiff. The verdict was for eight thousand dollars. The
court gave no specific instruction as to the measure of damages.
*Held* that the evidence was incompetent and in view of the verdict
it could not be said to be harmless.

7. **Practice** : RULING OUT IMPROPER EVIDENCE. A trial court may,
however, exclude improper evidence during the progress of the
trial, or by an instruction at the close of the evidence, and when
this is done the fact that such evidence was heard by the jury will
not cause a reversal of the judgment.

| 96 | 207 |
| 97 | 67 |
| 96 | 207 |
| 40a | 78 |
| 40a | 82 |
| 40a | 93 |
| 96 | 207 |
| 43a | 56 |
| 43a | 68 |
| 43a | 248 |
| 43a | 422 |
| 43a | 555 |
| 96 | 207 |
| 103 | 577 |
| 104 | 120 |
| 96 | 207 |
| 108 | 200 |
| 108 | 329 |
| 96 | 207 |
| 109 | 392 |
| 111 | 508 |
| 112 | 230 |
| 50a | 261 |
| 52a | 58 |
| 96 | 207 |
| 114 | 557 |
| 115 | 180 |
| 117 | 487 |
| 96 | 207 |
| 56a | 634 |
| 96 | 207 |
| 123 | 584 |
| 57a | 336 |
| 58a | 34 |
| 59a | 404 |
| 96 | 207 |
| 126 | 164 |
| 62a | 190 |
| 96 | 207 |
| 129 | 527 |
| 63a | 389 |
| 96 | 207 |
| 132 | 345 |
| 133 | 480 |
| 96 | 207 |
| 140 | 19 |
| 72a | 590 |
| 96 | 207 |
| 75a | 183 |
| 96 | 207 |
| 155 | 384 |
| 96 | 207 |
| 84a | 570 |
| 85a | 493 |
| 96 | 207 |
| 161 | 420 |
| 96 | 207 |
| 163 | 622 |
| 88a | 208 |
| 96 | 207 |
| 166 | 464 |
| 96 | 207 |
| 94a | [8]284 |
| 94a | [8]669 |
| 96 | 207 |
| 95a | [8] 23 |
| 95a | [8]118 |

8. **Negligence** : INSTRUCTION AS TO DAMAGES. The damages in an action for personal injuries caused by defendant's negligence should be limited to compensation for the pain suffered, time lost and permanent injuries occasioned by the negligence, including expenses, if any, of being cured.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED AND REMANDED.

*Strong & Mosman* and *Huston & Parrish* for appellant.

(1) The demurrer to the evidence should have been sustained. The risk to plaintiff was an obvious one. *Keegan v. Cavanaugh,* 62 Mo. 232 ; *McDermott v. Railroad,* 87 Mo. 285 ; *Flynn v. Railroad,* 78 Mo. 195 ; *Porter v. Railroad,* 71 Mo. 67 ; *Dowling v. Allen,* 88 Mo. 293. (2) All the testimony shows plaintiff was guilty of such negligence as to preclude his recovery. *Bell v. Railroad,* 72 Mo. 59 ; s. c. 86 Mo. 600 ; *McDermott v. Railroad,* 87 Mo. 285 ; *Dale v. Railroad,* 63 Mo. 455. (3) The proof does not sustain the cause of action charged in the petition. (4). The plaintiff was not injured in the course of his employment in obedience to the master's order, but in attempting to do something which he was not ordered to do, and which he was doing on his own judgment and by means chosen by himself. *Sullivan v. India Co.,* 113 Mass. 396 ; *Felch v. Allen,* 98 Mass. 572. (5) The court erred in giving the first instruction on behalf of the respondent. The servant is not held to obey every order of the master. The limit fixed by law to required obedience is, was obedience to the order so perceptibly, obviously dangerous that a man (not the plaintiff) of ordinary prudence, caution and firmness would decline obedience. The standard is the action of a man of ordinary prudence and caution. *McDermott v. Railroad,* 87 Mo. 285 ; *Keegan v. Cavanaugh,* 62 Mo. 232 ; *Flynn v. Railroad,* 78 Mo. 195.

(6) The court erred in refusing to give defendant's fourth instruction. *Porter v. Railroad,* 71 Mo. 67 ; *Keegan v. Cavanagh,* 62 Mo. 232 ; *Dale v. Railroad,* 63 Mo. 455 ; Wood on M. & S. sec. 328. (7) The court erred in permitting plaintiff to prove other injuries than those charged in the petition.

*Henry Smith* for respondent.

(1) The case was retried in conformity to the opinion delivered when the case was here before. 86 Mo. 229. (2) There was no contributory negligence on plaintiff's part to preclude his recovery. It is said by many courts that "the fact that an employe is directed by his superior in charge to do an act at a time and under such circumstances as that a person would reasonably apprehend danger, would not justify his disobedience of such orders, and obedience is not negligence." *Dowling v. Allen & Co.,* 74 Mo. 13 ; *Keegan v. Kavanaugh,* 62 Mo. 230 ; *Railroad v. Fost,* 17 Wall. 553, 557 ; *Railroad v. Bayfield,* 37 Mich. 205 ; *Lalar v. Railroad,* 52 Ill. 401 ; *Railroad v. Collins,* 2 Duv. 114 ; *Frannsen v. Railroad,* 36 Iowa, 372 ; *Patterson v. Railroad,* 76 Pa. St. 389 ; *LeClair v. Railroad,* 20 Minn. 9 ; *Miller v. Railroad,* 12 Fed. Rep. 600 ; *Miller v. Railroad,* 17 Fed. Rep. 67 ; *Smith v. Railroad,* 61 Mo. 591 ; *Cottrel v. Railroad,* 47 Wis. 634.

BLACK, J.—This case has been here before and is reported in 86 Mo. 221. It is now freed from any question of negligence on the part of those in charge of the train, and stands on the alleged negligence of Rice and the alleged contributory negligence of the plaintiff. Now, as on the former appeal, it appears that plaintiff and five others, under John Rice as their foreman, were engaged in raising a part of defendant's track. For that purpose rocks were distributed along the track by the construction train. Plaintiff and the other laborers

put them on the track, broke them with sledge-hammers, and forced the pieces under the ties with tamping-bars. The evidence shows that a west-bound passenger train was behind time. It was heard before it was seen, but, when first heard, the men could not tell whether it was on the defendant's road or a train on another road. The train came at a faster rate of speed than usual; and when within one hundred or one hundred and fifty yards of them, Rice told the men to get off the track and they did so. It was then discovered that there were two stones on the track, about six by twelve inches as plaintiff says, or the size of a dinner-bucket as stated by Rice. Plaintiff says: "The foreman said, 'clear the track,' and we all got off. I then said to Rice, 'Jack, there are two stones on the track,' and he said to me, 'it is time you were getting them off.' I understood this for an order. I undertook to get them out of the way of the train by putting them between the ties, and succeeded in doing this, but hadn't time to remove the tamping-bar with which I was working, and it was struck, while still in my hands, by the engine. The tamping-bar struck my right arm and turned me around, and I was struck on the left arm and side by the engine. I thought the stones might ditch the train." Says he first saw the train when Rice said "clear the track," and that he had just got off when he saw the stones and called Rice's attention to them, and that the train was then about one hundred yards away. Rice says he, at the same time, saw a hand-car coming towards them, and he started forward to signal those in charge of it to get off the track; that, after going a few steps, Stephens was hurt; that the train was in sight when he told Stephens to get the rocks off; that in his opinion it was necessary to remove the stones to avoid danger, and that it was his duty to flag the train when there were obstructions on the track, but he did not flag it that morning. A number of plaintiff's ribs and his collar

bone were broken, and the left arm was so shattered that it had to be amputated.

As Rice had charge of the gang of men and they were subject to his orders only, there can be no doubt but he was the agent of the defendant, and not a fellow-servant with the plaintiff, in respect of the orders given. His negligence was the negligence of the defendant. Enough was said on this subject when the case was here before.

The court refused an instruction in the nature of a demurrer to the evidence, and at the request of the plaintiff gave an instruction, the material portion of which is in these words: "And if the jury further find that plaintiff was one of such workmen so employed on defendant's track under Rice as such foreman, and that Rice recklessly, carelessly and negligently ordered plaintiff to remove the stones from the track, and that to obey the order at the time and under the circumstances was extra-hazardous, but did not plainly imperil plaintiff's life or limb, and that plaintiff in obeying the order was injured because thereof, and without fault on the part of the plaintiff, then the jury will find for the plaintiff, and assess his damages at such sum, not exceeding fifteen thousand dollars, as will compensate him for the injuries sustained."

To remove the stones from the track under the circumstances disclosed was surely accompanied with more danger than was ordinarily incident to the business in which the plaintiff was engaged; and the evidence tends to show negligence on the part of Rice in directing the removal of the stones at the time he gave the order. We do not understand these propositions to be controverted on this appeal. The chief contention is, that the evidence shows that the danger was open and obvious to the plaintiff, that he ought to have disobeyed the order, and for these reasons the demurrer to the evidence

should have been sustained. Generally a servant cannot recover for those injuries resulting from causes seen and known by him. But, even when there is no order to do a given act, there are some modifications of the general rule. Thus it is held in many cases, where the servant knowingly incurs the risk of defective machinery, still if not so defective as to threaten immediate injury, it is for the jury to determine whether there was negligence on his part. *Huhn v. Railroad*, 92 Mo. 443, and cases cited. So too, where the danger is patent and is known to the servant, the master may be liable for injuries resulting therefrom, as when he has lulled the servant into a sense of security by insisting there is no danger, or has promised to remove the defect. Wood on Mas. & Ser., sec. 352; *Conway v. Vulcan Iron Works*, 62 Mo. 36.

And more to the point, in this case, a recent textbook uses this language: "If, therefore, the master orders the servant into a situation of danger, and he obeys, and is thereby injured, the law will not deny him a remedy against the master on the ground of contributory negligence, unless the danger was so glaring, that no prudent man would have entered into it, even where, like the servant, he was not entirely free to choose." 2 Thomp. on Neg. 975. There may be cases where the servant is ordered to do a particular act, and the order is so unreasonable, and the act so manifestly dangerous to life and limb, that the court, on the evidence, should declare the servant guilty of negligence in obeying the order of the master and should direct a non-suit. The general rule, however, is that the question is one for the jury. *Keegan v. Kavanaugh*, 62 Mo. 230.

It cannot be said that the servant and master are on an equal footing, even where they have equal knowledge of the danger. To so say is against common experience, and in disregard of the fact that the servant occupies a position subordinate to the master; the primary duty of

the servant is obedience. It does not follow, because the servant could justify a disobedience of the order, that he is guilty of negligence in obeying it. In the present case there was no equal knowledge of the danger, for the plaintiff began to get the stones out of the way the moment he was directed so to do. He did not have the opportunity to observe and calculate the distance to the train or the rate of speed at which it was going that the foreman had, whose duty it was to look out for this train, and be prepared for its coming. True it is, Rice's attention was directed to the hand-car after he gave the order, but this was no fault of the plaintiff. The question of negligence on the part of the plaintiff was eminently one for the jury, and the demurrer to the evidence was properly overruled.

An objection to the plaintiff's instruction is, that it does not furnish any proper limit to his right to recover. The limit given in the instruction is, that the order of the foreman did not plainly imperil plaintiff's life or limb, and that he obeyed the order without fault on his part. The instruction is substantially in the language of this court, when this branch of the case was considered on the former appeal. The court, it is true, was not then attempting to formulate an instruction, still the instruction is not objectionable. As the plaintiff was, by the master, ordered to remove the stones, it cannot be said that he was guilty of negligence in obeying the order unless to do so was clearly to bring on danger to life or limb, and that is the instruction. The servant is not, at the peril of being discharged, bound to set up his judgment against that of his master about things over which there can be a difference of opinion in the minds of reasonably prudent persons.

The defendant's second and third instructions are to the effect, that if Rice said, "you had better be getting them (the stones) off," or, "it is time you were getting them off"; that the train was then about one hundred yards distant, and approaching at a rapid

rate, then it was not the duty of the plaintiff to obey the order, and he cannot recover. These instructions were properly refused, for, as we have seen, it was for the jury to say whether or not plaintiff was guilty of negligence, and to determine that question from all the evidence. The fact that plaintiff might justify a disobedience of the order is not the criterion by which to determine whether he was negligent or not in obeying it. Nor do the facts predicated necessarily show negligence. The fact, if such it be, that plaintiff and the foreman had equal knowledge of the approach of the engine does not necessarily make them equally guilty of negligence, and hence the defendant's further instruction' was properly refused. This results from what has been said. *Keegan v. Kavanaugh, supra.*

Towards the close of the evidence, plaintiff was asked by his attorney whether he was a married man, and if so, how many children he had. Defendant objected ; the court overruled the objection, but at the same time stated that the jury must not consider the question or answer in making up their verdict, and especially that it should not be considered in fixing the amount of the verdict should they find for the plaintiff. The plaintiff then answered that he was married and had four children. This evidence as to the number of his children was incompetent. It could have no bearing on the case whatever, lest it be to increase the amount of damages. There is nothing in the case to justify the giving of exemplary damages, and the damages should be confined to compensation for the injuries sustained. As well might proof be made of plaintiff's financial condition. This we have held the plaintiff may not do, when the parent is suing for the death of a minor child. *Overholt v. Veiths*, 93 Mo. 422. Some countenance it may be thought is given for the admission of such evidence by what is said in *Conroy v. Vulcan Iron Works*, 75 Mo. 652, and in *Winters v. Railroad*, 39 Mo. 475. In the case last cited, and upon which the other

is based, the evidence as to the number of children had been withdrawn, and the remarks about the competency of the evidence were wholly unnecessary. Besides there was no claim in that case, as here, that the damages were excessive.

We have no doubt but the trial court may exclude improper evidence during the progress of the trial, or by an instruction at the close of the evidence, and when this is done, the fact that such evidence was heard by the jury will not operate as a reversal of the judgment. Here it is difficult to understand what effect the evidence had, for the jurors are told not to consider it; yet at the same instant the objection is overruled and the evidence admitted. The verdict is for eight thousand dollars. The plaintiff was seriously injured, lost an arm, and was at the hospital three or four weeks, and he says he is unable to do a full day's work, is not half as stout as he was before he received the injury, and suffers at times from his side. This is the evidence as to damages, and there is no evidence of expenditures about being cured. He seems to have been waited on by the defendant's surgeon. We do not say that this judgment should be reversed alone on the ground of excessive damages; nor do we say that it should be reversed because of the evidence before noted, had a specific instruction as to the measure of damages been given; but in view of the very general instruction as to damages, and the amount of the verdict, we cannot escape the conclusion that the incompetent evidence had its effect.

Since this case must be again remanded for new trial, we suggest that the damages, in case of a recovery by plaintiff, be limited by the instructions to compensation for the pain suffered, time lost and permanent injuries, occasioned by defendant's negligence. Of course should expenses about being cured be shown they may be recovered. On the other hand if plaintiff was guilty of negligence contributory to the injuries, he cannot recover. If the approaching train was so close

and the danger so great, that a reasonably prudent person, in the plaintiff's situation and having such knowledge of the danger as he had, would not have attempted to remove the stones, then he was negligent. So, if in removing the stones, he performed the work in a negligent manner, when to have removed them in a careful and prudent manner would have avoided the calamity, then he cannot recover. These suggestions are not designed to exclude other instructions, but such as are given at the request of the parties or by the court of its own motion should conform with what has been said. That given by the court is subject to some criticism.

The judgment is reversed and the cause remanded for a new trial. RAY, J., absent. The other judges concur.