Beck v. Dowell.

BECK *by next Friend* v. DOWELL, *Executor, Appellant.*

Division Two, September 20, 1892.

1. **Practice in Supreme Court:** DEFECTIVE RECORD. Where a record in the appellate court is defective, the remedy is by *certiorari* or by stipulation correcting the error.

2. ———: ———. The mere filing of certified copies of omitted instructions does not remedy the defect in failing to set them out in the transcript.

3. **Personal Injury:** EVIDENCE OF PLAINTIFF'S WEALTH. Evidence of the pecuniary condition of plaintiff is admissible in an action for personal injuries where the circumstances of the case authorize the finding of exemplary damages.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Blair & Marchand* and *M. McKeag* for appellant.

(1) The court erred in sustaining the plaintiff's motion to strike out part of defendant's answer, if the matter stricken out tendered any defense, in whole or in part, to the action or any part of the action. *Justice v. Lancaster*, 20 Mo. App. 559; *Kerr v. Simmons*, 82 Mo. 269. (2) The matters pleaded in defendant's answer were largely mitigating circumstances he had, as a defense, to the charges of malice made in the plaintiff's petition. They were also justifications for the shooting, and were necessary to be pleaded in order to avail himself of them at the trial. *Buckley v. Knapp*, 48 Mo. 152; *Deenhart v. Schmidt*, 7 Mo. App. 117; *White v. Maxey*, 64 Mo. 552. (3) This court will review the action of the lower court on the motion to strike out, without any exceptions appearing on the record. It is a statutory pleading (Revised Statutes,

1879, sec. 3529), and in effect is a demurrer and treated as such. *Paxon v. Talmage,* 87 Mo. 14; *Austin v. Loring,* 63 Mo. 19. Consequently the action of the court in sustaining the motion is a matter of error, as distinguished from a matter of exceptions. *State v. Finn,* 19 Mo. App. 560, and cases cited. (4) A great deal of the testimony offered by plaintiffs and objected to by defendant was incompetent and referred to immaterial and unimportant particulars which could only have been offered to, and likely did, draw the minds of the jury from the point in issue; the objections of defendant ought to have been sustained. *Ritter v. Bank,* 87 Mo. 571. (5) The admitting of evidence as to the wealth of defendant was improper. There was nothing in the evidence to show that the acts of Harris were either wanton or malicious and done intentionally without just cause. *Franz v. Hilterbrandt,* 45 Mo. 121; *Engle v. Jones,* 51 Mo. 316; *Brown v. Cape Girardeau,* 89 Mo. 152. (6) Irrespective of the errors pointed out as apparent upon the record, the appellant submits that the evidence does not support the verdict and judgment, and the judgment ought to be reversed.

*Clay & Ray, F. L. Schofield* and *J. C. Anderson* for respondent.

(1) The court committed no error in admitting evidence to show the financial condition of plaintiff, her father and mother and of defendant. *Clements v. Maloney,* 55 Mo. 352; *Daily v. Huston,* 58 Mo. 361; *Kennedy v. Holaday,* 25 Mo. App. 511; *Polston v. See,* 54 Mo. 294; *Buckley v. Knapp,* 48 Mo. 162; *Renfro v. Prior,* 22 Mo. App. 409; *Heneky v. Smith,* 45 Am. Rep. 143. (2) The evidence shows that the act of defendant which resulted in the injury of plaintiff was wilful;

that he used a deadly weapon.   Without more the law implies malice, and in such cases the jury are authorized to inflict exemplary damages.   *Myers v. Pohlman,* 12 Mo. App. 567; *Howard v. Lillard,* 17 Mo. App. 228; *Green v. Craig,* 47 Mo. 90; *Buckley v. Knapp,* 48 Mo. 152; *Corwin v. Walton,* 18 Mo. 71; *McGarvy v. Railroad,* 36 Mo. App. 353; *Keneday v. Railroad,* 36 Mo. 351; *Goetz v. Ambs,* 27 Mo. 29.

GANTT, P. J.—This cause was appealed from the circuit court of Lewis county to the St. Louis court of appeals.   That court in an opinion by Judge ROMBAUER affirmed the judgment of the circuit court; but Judge BIGGS being of the opinion that the conclusion reached by the majority, that evidence of the financial condition of the plaintiff in an action when the evidence will justify the jury in awarding exemplary or punitive damages was admissible, is in conflict with and opposed to two decisions of this court, to-wit: *Overholt v. Vieths,* 93 Mo. 422, and *Stephens v. Railroad,* 96 Mo. 207, the cause was, under the constitution, certified to this court.

I.   When the cause was heard in the court of appeals, the instructions were not in the record.   No efforts were made to supply them in that court, and that court rightly proceeded on the assumption that the trial court had correctly declared the law to the jury. Since the case has reached this court a certified copy of the instructions has been filed with the record.   The propriety of considering these declarations of law by this court, under these circumstances, suggests itself at once.

While this court obtains jurisdiction to "rehear and determine a cause so certified to us by either of the appellate courts, as in cases of jurisdiction obtained by ordinary appellate process," there is nothing in the

constitution that justifies parties in assuming that we will or can take cognizance of matters not in the record.

When a record is deficient in any material respect, the practice is uniform that the party desiring the absent record should suggest the diminution and apply for a writ of *certiorari*, or file stipulations in this court, supplying the record. In this case, nothing of the kind has been done, but from the brief of the appellant, we take it, he assumes that these instructions are properly before us.

There is no hardship in requiring parties to govern themselves by the rules of procedure established for the disposition of causes. For the purposes of this appeal, these instructions are no part of the record, and the cause will be determined on the presumption that the trial court correctly instructed the jury. Parties must pursue legal methods in perfecting their transcripts, and in the proper courts, and in proper seasons.

II. The point in this record then is that upon which the court of appeals divided: Is evidence of the financial condition of the plaintiff admissible in an action for damages when there are circumstances of oppression or malice?

That exemplary damages may be recovered in actions for trespass or personal torts accompanied by circumstances of malice or oppression, is no longer open to question in this state. *Buckley v. Knapp*, 48 Mo. 152. Nor is it controverted that it is perfectly competent to show the financial ability of the defendant in such case.

The case of *Stephens v. Railroad*, 96 Mo. 214, was an action for compensatory damages alone, and the learned judge who wrote the opinion expressly says: "There is nothing in the case to justify the giving of

exemplary damages, and the damages should be confined to compensation for the injuries sustained."

The case of *Overholt v. Vieths*, 93 Mo. 422, had no element in it justifying exemplary damages, and this court held that it was not improper to exclude evidence of the mother's financial condition in a suit for the death of her child which had been drowned in a pond, "in view of the fact that she had been allowed to state her condition in life, and that she did her own housework and had no servant." We do not think either of these cases can be considered as decisive of the point in this case. Exemplary damages are allowed not only to compensate the sufferer, but to punish the offender. *Franz v. Hilterbrand*, 45 Mo. 121; *Callahan v. Caffarata*, 39 Mo. 137.

The evidence in this case tended to show that the plaintiff was a girl about sixteen years old; that her father was a tenant of defendant; that on the day she was shot by defendant her father and his sons were trying to water a cow in a lot of the defendant; that a difficulty ensued, a general fight; that she was standing in the lot looking on, unarmed, when the defendant turned upon her and shot her through the thigh. In other words, the defendant with a deadly weapon shot an unarmed girl without lawful provocation. We think there was ample evidence from which the jury could find wilful, wanton injury.

In 1 Sutherland on Damages, page 745, it is said: "In actions for torts, the damages for which cannot be measured by a legal standard, all the facts constituting and accompanying the wrong should be proved; and though there be a legal standard for the principal wrong, if aggravations exist, they may be proved to enhance damages; and every case of personal tort must necessarily go to the jury on its special facts; these embrace the *res gestæ and the age, sex and status of the*

*parties; this whether the case be one for compensation only, or also for exemplary damages,* where they are allowed."

In *Bump v. Betts,* 23 Wend. 85, the supreme court of New York, on a question of excessive damages, pointed to the fact that the defendant had the command of great wealth and that the plaintiff was a poor man. In *McNamara v. King,* 7 Ill. 432, in an action for assault and battery, the court permitted the plaintiff to show he was a poor man with a large family. The supreme court of Illinois, in affirming that ruling, said: "We are also of the opinion that the circuit court decided correctly in admitting the evidence and giving the instruction. In actions of this kind, the condition in life and circumstances of the parties are peculiarly the proper subjects for the consideration of the jury in estimating the damages; their pecuniary circumstances may be inquired into. It may be readily supposed that the consequences of a severe personal injury would be more disastrous to a person destitute of pecuniary resources and dependent wholly on his manual exertions for the support of himself and family, than to an individual differently situated in life. The effect of the injury might be to deprive him and his family of the comforts and necessaries of life. It is proper that the jury should be influenced by the pecuniary resources of the defendant. The more affluent, the more able he is to remunerate the party he has wantonly injured."

In *Grable v. Margrave,* 4 Ill. 372, in an action for seduction, the trial court admitted evidence to show plaintiff was a poor man. The supreme court on appeal said: "The court, therefore, decided correctly in admitting evidence showing the pecuniary condition of the plaintiff. This evidence does not go to the jury for the purpose of exciting their prejudices in favor of

the plaintiff because he is a poor man, but to enable them to understand fully the effect of the injury upon him, and to give him such damages as his peculiar condition in life and circumstances entitle him to receive."

In *Gaither v. Blowers*, 11 Md. 536, in an action for assault and battery, the trial court having admitted evidence for the plaintiff with a view of increasing his damages, that he was a laboring man and had a wife and children to support, the supreme court, after quoting the language of *McNamara v. King*, 7 Ill. 432, says: "This is good sense, and is sustained by the decisions in most of the states. An injury done to a person not dependent on manual labor for the support of himself and family is in nowise as great as one to a person so situated."

In *Reed v. Davis*, 4 Pick. (Mass.) 215, the supreme court of Massachusetts, in an action for trespass in forcibly evicting plaintiff from his home, says: "One of the defendants stated to a witness in answer to his inquiry, whether he thought the plaintiff could not make him suffer, that 'the plaintiff had been to jail and sworn out, and *was not able to do anything*.' Now that circumstance was to be taken into consideration by the jury. There is nothing more abhorrent to the feelings of the subjects of a free government than oppressing the poor and distressed under the forms and color, but really in violation, of the law.   *   *   *   It is found that the dwelling-house was small, but the damages are not to be graduated by the size of the building. *The plaintiff also was poor.* He had seen better days, but had been reduced in his circumstances. He was thought not to be able to do anything in vindication of his rights at the law."

In *Dailey v. Houston*, 58 Mo. 361, this court said: "It is next insisted that the court improperly told the

jury that in the estimation of damages they might take into consideration the 'condition in life of plaintiffs and their pursuits and nature of their business.' There is no doubt but that, in estimating the damages in such cases, the jury may properly take into consideration the pecuniary condition of the parties, their position in society and all other circumstances tending to show the vindictiveness or atrocity, or want of atrocity, in the transaction, and which tend to characterize the assault.''

This decision of Judge VORIES was concurred in by all the judges. It has never to our knowledge, and so far as we can ascertain, been questioned, denied or criticised. It is in harmony, as we have seen, with the decisions of other courts of great ability. It is in harmony with the tendency of the courts to place before the triers of facts, whether court or jury, every fact that will aid them in arriving at a correct verdict. It is evident in this case its effect was not to create prejudice or passion. There is nothing that smacks of either in the verdict.

Accordingly we affirm the judgment of the court of appeals, as indicated by the opinion of the majority of the judges of that court, on this as well as all other points ruled in the case, and it will be so certified to that court. All concur.