Zentz v. Chappell.

---

JOHN B. ZENTZ, Respondent, v. CHARLES CHAP-PELL, Receiver, etc., et al., Appellants.

Kansas City Court of Appeals, November 23, 1903.

1. **MASTER AND SERVANT:** Negligence: Pleading: Evidence: Variance. A petition counted on the failure of the master to furnish certain pushsticks for rolling wheels up skids onto a car, and also his failure to furnish sufficient hands for the work. The evidence showed that the plaintiff's injuries resulted from obeying an order of the boss, and in getting on the skids behind the wheels. *Held,* the allegations of the petition were not supported by the evidence.

2. ———: ———: Contributory Negligence: Obeying Orders. There may be cases in which an order to do a particular act is so unreasonable and dangerous that compliance therewith would render a servant guilty of negligence and prevent a recovery, but the general rule is that the question of contributory negligence is for the jury.

3. ———: ———: ———: Different Methods. Where there are two methods of doing a thing, both of which are reasonably safe, the master may adopt either without liability for injuries resulting therefrom.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) The court erred in refusing to give defendant's instruction in the nature of a demurrer to the evidence asked at the close of plaintiff's evidence and of all the evidence, for plaintiff not only failed to prove the defendant was guilty of negligence, as he was bound to do before he could recover, but on the contrary his evidence, as well as defendant's, showed that the skids were a proper appliance and in good repair, that there was no danger in the method used in loading the wheels at the time plaintiff was hurt, and that plaintiff's injury resulted solely from his own negligence in running up the skid, which was wholly within his own control and which he was not ordered to do. He assumed whatever risk there was in the manner of use which he selected and can not recover. Holleran v. Foundry Co., 133 Mo. 470; Steinhouser v. Spraul, 127 Mo. 541; Fugler v. Bothe, 117 Mo. 475; Marshall v. Hay Press Co., 69 Mo. App. 256; Berning v. Medart, 56 Mo. App. 443; Harff v. Green, 168 Mo. 308; Doerr v. Brewing Ass'n, 75 S. W. 600; Patton v. Railroad, 179 U. S. 658, 45 Law Ed. 361; Cothron v. Cudahy Pac. Co., 73 S. W. 279; Beckman v. Brewing Assn., 72 S. W. 710; 20 Am. and Eng. Ency. Law (2 Ed.), pp. 76, 77. (2) "Whatever is according to the general, usual and ordinary course adopted by those in the same business is reasonably safe within the meaning of the law." Defendant used the method in general use by railroads, and, therefore, was not negligent. Mason v. Mining Co., 82 Mo. App. 370; 20 Am. and Eng. Ency. Law (2 Ed.), pp. 70, 85; Kehler v. Schwenk, 144 Pa. St. 348, 27 Am. St. Rep. 633. (3) An accident which an experienced man in the business could not, with ordinary care have seen or guarded against, is a hazard incident to the business which every man engaged in it assumes for himself, and the employer is not liable. Beasley v. Linehan Transfer Co., 148 Mo. 413; Glover

v. K. C. B. & N. Co., 153 Mo. 327. (4) If an employee has two ways in which the required service may be performed, one of which is safe, and the other unsafe, he can not recover for an injury received in performing the duty in the unsafe way, he being responsible for the choice he makes. Hurst v. Railroad, 163 Mo. 309; Moore v. Railroad, 146 Mo. 572; Hulett v. Railroad, 67 Mo. 239; Beal v. Railroad, 8 Am. Neg. Rep. 395; Railroad v. George, 94 Ala. 200; Quirouet v. Railroad, 8 Am. Neg. Rep. 183; Patton v. Railroad, 179 U. S. 658, 45 Law Ed. 361.

*Harber & Knight* for respondent.

(1) It is insisted that a demurrer to the evidence should have been sustained for the reason, most prominently urged, that plaintiff was guilty of contributory negligence in running up the skid. This question was fully and fairly submitted to the jury by the instructions. The defendant had very full and ample instructions on this issue. (2) The employer owes the duty to the employee to see that every reasonable precaution is taken to insure his safety. Keegan v. Kavanaugh, 62 Mo. 230; Henry v. Railroad, 109 Mo. 488; Thomas v. Railroad, 109 Mo. 394. (3) And, it is the duty of the employer to provide his servants with reasonably safe and suitable appliances and machinery in and with which to do the work required of him, and not order him into places of danger or to work with dangerous and insufficient machinery and to see that the appliances furnished for use, are reasonably safe, designed and fit for the use for which they are furnished. Thompson v. Railroad, 86 Mo. App. 141; Bowen v. Railroad, 95 Mo. 268; Steinhauser v. Spraul, 114 Mo. 551; Berning v. Medock, 56 Mo. App. 443; Higgins v. Railroad, 43 Mo. App. 547; Hamilton v. Mining Co., 108 Mo. 36; Covey v. Railroad, 86 Mo. 635; Alcorn v. Railroad, 108 Mo. 81; Hudler v. Railroad, 136 Mo. 3; Bender v. Railroad, 137 Mo. 240;

Gutridge v. Railroad, 105 Mo. 520; Warner v. Railroad, 62 Mo. App. 184; Brown v. Railroad, 95 Mo. 268; Hester v. Jacob Dold Pkg. Co., 95 Mo. App. 16; Reed v. Railroad, 94 Mo. App. 371-379; Weldon v. Railroad, 93 Mo. App. 668; Zellors v. Light Co., 92 Mo. App. 107; Minnier v. Railroad, 167 Mo. 99; Wendler v. Furnishing Co., 165 Mo. 527; Gratts v. Railroad, 153 Mo. 403; Pauck v. Beef Co., 159 Mo. 467; Tabler v. Railroad, 93 Mo. 79; Settle v. Railroad, 127 Mo. 336; Turner v. Haar, 114 Mo. 335. The fact that other roads may have loaded car wheels in a dangerous way, would not, if true, excuse the loading by defendant in such dangerous way. Reed v. Railway, 94 Mo. App. 371.

BROADDUS, J.—For convenience we adopt the following undisputed part of the defendants' statement of facts in the case:

"This is an action for damages brought by plaintiff against this appellant and Chas. Chappell, receiver of the Omaha, Kansas City & Eastern railroad and the Chicago, Burlington & Quincy Railroad Company for injuries alleged to have been received on August 23, 1902, at Milan, Missouri, while in the employ of defendants as a car repairer and while assisting in loading car wheels onto a flat car, by means of a runway or skids. The car was about four feet high and the skids were made of timbers thirty-four feet long and ten inches wide, fastened together and extended from the railroad track to the top of the car. They were connected with the car and track and were blocked in the middle to keep them from sagging. The wheels and axle weighed about 1,500 pounds per pair and were thirty-three inches in diameter at the tread, which was four inches wide. The journal is the part of the axle extending beyond the wheel on the outside and was ten and one-half inches long and three and three-quarters inches in diameter. The shoulder between the journal and the wheel was about two inches. The center of the journal was sixteen

and one-half inches from the rim of the wheel. The wheels were being loaded on the repair track which was sunken so that the ground on the outside of the track was level with the top of the rails and which was a down grade to the car. The wheels were placed about one hundred feet up the track and were released one pair at a time by two men whose duty it was to start them down the track on a run towards the car. By the time the wheels reached the skids they gained sufficient speed to carry them part of the way up the skids. At the foot of the skids plaintiff and another man were stationed, whose duty it was to follow the wheels as they ran up the skids and push them up onto the car, where two men were stationed to receive the wheels and place them. Just before the alleged injury, plaintiff and his mate had been using boards about six feet long, about six inches wide and one inch thick, with notches sawed in the ends, with which to push the wheels up onto the car, the notched end being placed on the outside of the wheel against the journal and the other end being held by the man who walked along on the ground on the outside of the skids and track.''

There was evidence tending to show that these boards or sticks were at the beginning provided by the defendant. While engaged in loading a pair of wheels in the manner above set out plaintiff and another laborer broke one of the sticks so used by them in the manner aforesaid and the wheel fell through the skids. There was something said about getting another stick but it was not got. Whereupon, Carothers, foreman of the work having reached the spot as the wheels came down, told them to let the sticks go and push the wheels up by hand, adding, as testified to by plaintiff, ''drop your stick and take in after them.'' On this point, plaintiff further testified that ''by that time the wheels was up on me and I dropped my stick and, of course, by command, by him telling me to take in after them, why of course I took in after them up the skids.'' He also stated that,

the wheels made good speed until they got within a certain distance of the car where the skid sagged, at which point he reached down to get hold of them, in order to keep them going, when a wheel caught him in the breast, turned him over and threw him on a pile of scrap material, bruising him and dislocating his arm at the elbow.

It was shown that is was not customary or necessary for the laborer to follow the wheels when loading them, up the skid, but to walk on the outside on the ground. There was evidence tending to show that the loading of wheels by hand and by stick were both practiced by railroads, some using one way, and others using the other way. The method was not therefore uniform. It was not shown that either was unsafe or dangerous.

The plaintiff sought to recover on the ground that defendant did not have a sufficient force of employees to do the work safely, and that it did not furnish sticks for the workmen, and that the injury resulted to plaintiff by reason thereof. The answer was a general denial and contributory negligence on the part of plaintiff.

The defendant's principal contention is, that under the pleadings and evidence plaintiff was not entitled to recover. It does not appear that either of the methods in use to push the wheels up the skid—by the use of sticks or by the hands—was dangerous. By either the workman guarded himself from danger by walking on the outside of the skid, at no time following the wheels up the skid itself, as did plaintiff at the time of the latter's injury. But plaintiff claims that he did so because he was so commanded by defendant's foreman. If such was the case, he then did not receive his injury by reason of want of sufficient force of laborers to do the work, or from want of the stick described, but by reason of a command of defendant's agent to perform a dangerous undertaking.

To the ordinary mind plaintiff's attempt to follow

the car wheels in question—weighing 1,500 pounds—up the incline of the skids, appears to have been accompanied with much hazard.   And in our view his undertaking to do so was the proximate cause of his injury. The fact that he was following the wheels in motion up the incline and stooping at the same time while bending over them to catch hold and assist their motion, was a duty that no reasonable master would require of his servant; and if he should, then the servant would not be justified in obeying such requirement.

In Stephens v. Railroad, 96 Mo. 207, the court said: ''There may be cases where the servant is ordered to do a particular act and the order is so unreasonable and the act so manifestly dangerous to life and limb, that the court on the evidence should declare the servant guilty of negligence in obeying the order of the master, and should direct a nonsuit.   The general rule, however, is that the question is one for the jury.''

The verdict also was not responsive to the petition. As before stated, the petition bases plaintiff's right to recover upon defendant's failure to provide said sticks for the laborers, and failure to provide a sufficient force of laborers to properly load said wheels upon the car, whereas, as we have seen, neither was the cause of plaintiff's injury, he being injured by reason of his undertaking to obey an order of defendant's foreman to get upon the skid and push up the wheels with his hands. Neither method of loading the wheels, whether with the stick or with the hands, required the laborer to get upon the skid; but both required him to walk beside it on the ground while loading the wheels.   In this view of the case there was an entire failure of proof to sustain the petition.

Appellants have raised other questions on their appeal; but as the plaintiff was not entitled to recover on his case as made, they become immaterial and will not be considered.   For the reasons given the cause is reversed.   All concur.