JOHN B. MARSHALL, Respondent, v. THOMAS D. FERGUSON, Appellant.

St. Louis Court of Appeals, April 15, 1902.

1. **Agency: PRINCIPAL AND AGENT: CAUSE OF ACTION.** When a loss results to a principal from his agent's failure to pursue the instructions given him, a cause of action arises in favor of the principal; for a principal is entitled to have the agency executed in his own way as the party whose interest is at stake.

2. ———: ———: **DAMAGES.** And actions to obtain damages on the part of the principal do not differ from actions for breaches of other contracts in respect to the measure of recovery.

3. ———: ———: ———: **FRAUDULENT INTENT OF AGENT.** Nor is a fraudulent intention on the part of the agent required to render him liable for the full value of the property used or disposed of by him in violation of his agency, although it aggravates the dereliction.

4. **Practice, Trial: BURDEN OF PROOF.** The burden of proof rests on the party holding the affirmative of an issue, but when the plaintiff grounds his right of action on a negative allegation and the proof of the affirmative is not peculiarly within the defendant's power, the plaintiff must establish this negative to make out a prima facie case.

5. ———: ———. The burden of proof is on the plaintiff until a prima facie. case is made out, when it shifts to the defendant; but until he establishes his prima facie case, the plaintiff is not entitled to a judgment.

6. **Principal and Agent: GRATUITOUS SERVICE OF AGENT.** When an agent undertakes any service for his principal, although without compensation he must perform it in good faith and according to the instructions of his principal.

Appeal from Butler Circuit Court.—*Hon. James L. Fort, Judge.*

REVERSED AND REMANDED.

*Phillips & Phillips* and *Dinning, Hamel & Dinning* for appellant.

(1)  It may be that this court will feel bound to adhere to the rulings it made on this petition when the cause was here before (78 Mo. App. 650-1), but, with great deference to said opinion, we yet insist that the petition does not state facts sufficient to constitute a cause of action, and that the law does not permit the inferences to be drawn, and blanks to be filled, to make said petition state a cause of action, as indicated by this court in its opinion heretofore rendered in this cause (78 Mo. App. 650) ; Sidway v. Missouri Land and Live Stock Co., 163 Mo. l. c. 373.  (2)  The court erred in giving instruction No. 1 for respondent.  This instruction lays down the broad proposition of law that if Ferguson undertook, as the agent of plaintiff, to loan for plaintiff (respondent here) $213.45 to M. L. Freeman, and was directed to loan the same on the one-eighth interest in the fair grounds, and that he included in the deed of trust his (Ferguson's) note for $312.50, due to himself, without the knowledge or consent of plaintiff, then the plaintiff, Marshall, had a right to ignore entirely said security, and look to Ferguson alone for the payment of the said $213.45, and interest thereon.  This is not the law; but it has been respondent's theory in this case.  He managed to get hold of this one-eighth interest for a very small amount, and is now seeking to do what this instruction says he has a right to do—that is, make Ferguson pay it all.  (3)  The court erred in giving respondent's instruction No. 2.  This instruction declares in effect that if Ferguson included in the deed of trust a note for $312.50 of his own, without the consent and knowledge of respondent, and by reason of including said note in said mortgage, Marshall lost his money, "you should find the issues for the plaintiff Marshall, and you are further instructed that the burden of showing to your reasonable satisfaction that defendant had

plaintiff's consent, or that plaintiff had knowledge and made no objection thereto rests upon defendant."

*N. A. Mozley, A. D. Hight* and *G. A. Spann* for respondent.

(1) The doctrine of the common law is: "An agent with instructions is bound to regard them in every point; nor can he depart from them without making himself responsible for the consequences." 1 Parson Cont. (6 Ed.), p. 80. (2) Where the agent disregards the instructions of his principal, the principal, as between he and the agent, may disregard the transaction entirely and hold the agent for money advanced or loss sustained. Am. and Eng. Ency. (1 Ed.), p. 369; Butts v. Phelps, 79 Mo. 302.

GOODE, J.—It was ruled by this court on a former appeal that the petition in the cause above entitled sufficiently stated a cause of action to let in evidence in support of its allegations over the oral objection of the defendant made at the outset of the trial; and as the defendant neither demurred nor moved for more definite averments, as he might have done, but merely urged the same objections on the second trial, we will disregard his assignment of error based on the alleged failure of the petition to state a cause of action. It would be unjust to permit the defendant to avail himself of that point now, when it was determined against him before and he has since omitted to take measures to compel a more particular pleading. Marshall v. Ferguson, 78 Mo. App. (St. L.) 645.

The action was brought to recover a sum of money advanced by Marshall to Ferguson, to be lent to M. L. Freeman, of Butler county, on the security of an undivided one-eighth interest in a parcel of land in Poplar Bluff, or near there, known as the "Fair Grounds." At the inception of the trans-

action, Marshall himself was the owner of that interest and he and Freeman were considering a trade by which Marshall would exchange his said interest in the Fair Grounds for a sawmill owned by Freeman. Freeman needed to raise about two hundred and thirteen dollars in cash to pay off a note to the Missouri Trust Company, secured by a mortgage on a farm of his, before the trade could be effected; and Marshall got Ferguson, who was the agent of said trust company, to make a loan to Freeman of the sum required, he (Marshall) furnishing the money and directing Ferguson to take a deed of trust to secure it on the interest in the Fair Grounds property after it should be conveyed to Freeman. Ferguson himself held a mortgage on Freeman's farm, junior to the trust company's, to secure a note for three hundred and twelve dollars and fifty cents, and when he took the deed of trust to secure the money lent by Marshall (which loan was to be and was made in Ferguson's name and the note afterwards assigned to Marshall) he included in said deed his own note against Freeman; so that instead of the instrument being a lien on the one-eighth interest in the Fair Grounds for only two hundred and thirteen dollars in favor of Marshall, it was also a lien for three hundred and twelve dollars in favor of Ferguson.

The issue of fact between the parties is whether Ferguson's act in further securing his own note was done without Marshall's knowledge or by his authority, and there was a direct conflict in the evidence bearing on that issue. Marshall testified that he neither authorized the loading of his security with Ferguson's note, nor knew it had been done until Freeman had defaulted and he was about to foreclose, when he immediately taxed Ferguson with bad faith and notified him he must pay the loan. Ferguson swore the Fair Grounds tract was worth enough to secure both notes well and that Marshall authorized him to include his own note in the deed of trust.

The jury settled the facts in respondent's favor and we are only concerned with appellant's assignments of error; chiefly the rulings on the instructions requested.

The court charged the jury that if the appellant undertook to act as the agent of the respondent in making a loan to Freeman, and was directed to secure the loan by a deed of trust on an eighth interest in the Fair Grounds, but violated his instructions by including in the deed of trust the note to himself without the respondent's knowledge or consent, the respondent had the right to entirely ignore the deed of trust as security and look to the appellant for his money. Appellant's counsel contended, in opposition to the theory embodied in that charge, that if respondent recovered at all he should only recover the loss sustained by him after collecting as much of his debt as possible by enforcing the lien of the deed of trust, and submitted the following instruction setting out that view, which the court refused to give:

"The court instructs the jury that if you believe and find from the evidence that the one-eighth interest of the land described in plaintiff's petition was of value sufficient to secure the payment of both of the notes in the deed of trust described, then plaintiff can not recover herein, and your verdict should be for the defendant."

When a loss results to a principal from his agent's failure to pursue the instructions given to him, a cause of action arises in favor of the former; for a principal is entitled to have the agency executed in his own way as the party whose interest is at stake. All agencies rest on contracts, express or implied, which must be faithfully performed like other contracts. If instructions are given as to the manner of performance, the agent is presumed to accept them if not immoral or illegal; and he should faithfully observe them in the transaction of the business unless an emergency arises which justifies him in taking some other course; and a failure to observe them, without excusatory circumstances, constitutes an action-

able breach of contract. But the extent of an agent's liability for such a breach is not always the same, since it depends somewhat on the character of the deviation from the principal's instructions. Any unjustifiable deviation, not too trifling to be judicially noticed, entitles a principal to at least nominal damages; for the law presumes damage from the breach of a contract. Usually, the measure of liability is the amount required to place the principal in as good a condition as he would have been in if the agent had followed directions; which implies that the former must be ordinarily diligent to prevent or minimize the loss resulting from the agent's breach, and must avail himself of the means within his reach for that purpose. He may then look to the agent for reimbursement for whatever loss, proximately caused by his misconduct, reasonable precautions failed to prevent. Actions to obtain damages in such cases do not differ from actions for breaches of other contracts in respect to the measure of recovery. 2 Sedgwick on Damages (8 Ed.), secs. 813 to 815; Mechem on Agency (1889 Ed.), 474, et seq.; 1 Am. and Eng. Ency. of Law (2 Ed.), 1062; Colt v. Owens, 90 N. Y. 368; Wright v. Bank of Metropolis, 110 N. Y. 237.

But sometimes instructions are violated in such a way as to authorize a principal to proceed directly against the agent as a debtor or for conversion. Loyalty to their trust is firmly exacted of all agents by the law, and when one uses his position for his own ends regardless of the welfare of his principal, he becomes responsible for a resultant loss; as if he unscrupulously handles money or property confided to him to benefit himself. In such cases his principal may recover the money or the value of the property. Nor is a fraudulent intention required to render an agent liable for the full value of the property used or disposed of by him in violation of his agency, although it aggravates the dereliction. Mechem on Agency, sec. 477.

In the present case, Ferguson was guilty of abusing his

agency from a dishonest motive, if the plaintiff's testimony is true; for it is undeniable that his conduct in securing his own debt by the deed of trust taken to secure Marshall's, was grossly fraudulent if unauthorized by Marshall and kept from his knowledge. It was an act which violated two of the rules of the law of agency, to-wit: that an agent can not ignore the directions given him as to how the business put in his hands shall be transacted, and can not use his agency for his own advantage to the detriment of the principal; both of which rules are but variations of the doctrine that an agent must be loyal to his trust. We, therefore, hold the circuit court did not err in instructing the jury on this branch of the case; that is to say, in giving the instruction requested by respondent and refusing that requested by appellant.

A question is raised, as to whom the burden of proof was on, by an exception saved to the following charge:

"You are instructed that if you believe and find from the evidence that the defendant, Thos. D. Ferguson, included in the deed of trust a note of $312.50 of his own without the consent and knowledge of John B. Marshall, and by reason of including said note by Ferguson, Marshall thereby lost his money, you should find the issues for the plaintiff, Marshall, and you are further instructed that the burden of showing to your reasonable satisfaction that defendant had plaintiff's consent, or that plaintiff had knowledge and made no objections thereto, rests upon defendant."

As a general proposition, the burden of proof rests on the party holding the affirmative of an issue; but where the plaintiff grounds his rights of action on a negative allegation and the proof of the affirmative is not peculiarly within the defendant's power, the plaintiff must establish this negative to make out a prima facie case. 1 Greenleaf on Evidence (16 Ed.), sec. 78; State ex rel. v. Schar, 50 Mo. 393. For instance, in an action for malicious prosecution, the want of probable cause for the prosecution must be shown by the plaintiff although he

negatively alleges there was no probable cause; or in an action on a covenant for not repairing where the allegation is that the defendant failed to repair, the plaintiff must proceed with the testimony in the first place, to prove repairs were not made. Other illustrations are given by text-book writers. The essence of respondent's cause of action in this case is that the appellant secured his own note by the deed of trust taken to secure respondent's, without authority and in disregard of his duty as agent. The burden was, therefore, on the respondent to establish that allegation by a preponderance of the evidence.

Let us look at the matter from another point of view: perhaps no better way of determining where the burden of proof in any cause rests can be found, than by inquiring what is necessary to make a prima facie case for the plaintiff; because the burden of proof is on a plaintiff until a prima facie case is made out, when it shifts to the defendant; but until he establishes his prima facie case, the plaintiff is not entitled to a judgment. Powers v. Russell, 13 Pick. 69; Abrath v. Railway Co., 11 Q. B. D. 444, 32 W. R. 50. If the respondent was not bound to introduce proof in the first place as to appellant's having acted without authority when he included his own note in the deed of trust, then respondent had merely to show he turned over the amount of the loan to the appellant to be delivered to Freeman and appellant included his own note in the deed of trust and that would have given him a prima facie right to judgment. But it is obvious that no case would have been made out by such proof; for the law would raise a presumption that the money was lent to Freeman and everything duly performed, no fact being in evidence to show Ferguson was delinquent in any way, nor to support a verdict against him. It follows, therefore, that it was necessary for respondent to go further with his proof and show something was done by Ferguson which he ought not to have done. In other words, the respondent was bound

to introduce evidence tending to prove Ferguson acted without his consent in securing his own note, and the instruction given by the court imposing the burden on the appellant was erroneous.

As to the fourth instruction requested by the appellant and refused by the court, which was that if Marshall had purchased the land covered by the deed of trust at a second foreclosure sale through an agent, and thereafter realized the amount of his loan from a sale of it, he could not recover, it is enough to say there was no evidence on which to base the charge.

A point is made about Ferguson's acting without compensation, in making the loan to Marshall for Freeman, and it is true that when an agency is gratuitous the agent can not be held liable because of a non-feasance if he never entered on the performance of the service expected of him; but it is also the law that if he does undertake the service, he must perform it in good faith and according to the instructions of his principal. Ferguson might have refused to serve Marshall without remuneration and he would not have been liable for any loss occurring through his refusal; but he undertook to act and then was as much bound as a compensated agent, to act honorably and as directed. Mechem on Agency, sec. 478; Kaw Brick Co. v. Hogsett, 73 Mo. App. (K. C.) 432.

For the error noted in regard to the burden of proof, the judgment must be reversed and the cause remanded, and it is so ordered. *Bland, P. J.* and *Barclay, J.,* concur.