246 S.W.2d 760 (1952)
UTLAUT
v.
GLICK REAL ESTATE CO., Inc.
No. 42579.
Supreme Court of Missouri, Division No. 1.
March 10, 1952.
*762 Ben L. Shifrin, Edwin G. Shifrin and Shifrin & Shifrin, all of St. Louis, for appellant.
Joseph Boxerman, St. Louis, Joseph Nessenfeld, St. Louis, of counsel, for respondent.
HYDE, Judge.
Action for $20,500.00 damages ($5,500.00 actual and $15,000.00 punitive) for violation of alleged fiduciary relation as agent to sell real estate by secretly selling through a straw party at a profit to defendant. Verdict for defendant but plaintiff's motion for new trial sustained. Defendant has appealed from the order granting new trial.
The Court assigned, as grounds for its order, erroneous admission of evidence, improper argument to the jury and refusal of an instruction requested by plaintiff. Defendant contends these matters are immaterial because it claims plaintiff failed to make a jury case. We will first consider this contention, viewing plaintiff's evidence most favorably to his claim.
Elmer E. Utlaut, the original plaintiff, who died about six months after this suit was commenced, owned an apartment building in St. Louis. He was an invalid about 45 years of age. He listed the apartment for sale at $130,000.00 with the Boehmer Real Estate Company. Mr. W. R. Bindbeutel handled the matter for Boehmer; he had been a friend of the Utlaut family for 20 years and had handled other transactions for them. Mr. S. H. Schiffer of defendant knew of this listing and learned of a prospective customer through Smith-Nixon Realty Company. At Schiffer's suggestion, Bindbeutel prepared a sales contract for $120,000.00, dated April 21, 1948, with $2,000.00 earnest deposit, total cash payment of $35,000.00, and $85,000.00 secured by first trust deed. This contract designated as the purchaser, W. H. Volkening, who was an employee of defendant, but this was not known to Utlaut or Bindbeutel. This contract was signed "Glick R. E. Co., Inc. by S. H. Schiffer agents" and stated that defendant had received the earnest deposit from Volkening for the seller; but actually defendant put up this money. Beneath this signature of defendant was the statement: "the seller hereby approves the sale * * * and agrees to pay Boehmer R. E. Co. and Glick Real Estate Co. the commission as provided under the rules of the St. Louis Real Estate Exchange"; with a place for the seller's signature.
This contract was presented to Utlaut who refused to sell for $120,000.00 but said he would consider $125,000.00. Apparently (or at least it would be reasonable for the jury to so infer) defendant then got a contract, dated April 23, 1948, through Smith-Nixon, for purchase of the property for that amount by Gus L. Roos, who agreed to pay $40,000.00 cash and $85,000.00 by first trust deed. Volkening's name appears on this contract as the seller. Neither Utlaut nor Bindbeutel knew of this contract and Schiffer got Bindbeutel to negotiate with Utlaut for a price of $122,500.00 which he finally agreed to accept. The contract dated April 21st (which Utlaut had not signed) was changed with a pen to show $122,500.00 as the purchase price and $37,500.00 as the total cash payment. The amount of $6,000.00 was also written in as the commission to be paid to defendant and Boehmer. These changes were initialed by Volkening. Utlaut signed this altered contract either on the evening of April 27th or the morning of April 28th. At the beginning of the negotiations, Schiffer stated to Bindbeutel that Volkening was a private buyer and that defendant was not buying the property. After the $120,000.00 offer was rejected Bindbeutel said to Schiffer: "Mr. Utlaut doesn't want to sell this property to a speculator. * * * If Glick is going to buy this, he don't want any part of it." Schiffer assured him Glick was not buying the property.
The deal was closed on May 14, 1948. Utlaut's father, Mr. E. A. Utlaut, now his executor and the present plaintiff, acted for him. Mr. Utlaut asked then where the buyer was, saying he would like to meet *763 him. Mr. Schiffer said: "He couldn't be there." Mr. Utlaut asked him whether Volkening or defendant was the real buyer and he said Volkening was and that defendant was not interested in the property. However, the deed was made to Jeannette Leach, another employee of defendant, who signed the trust deed and mortgage notes. This was done because Volkening's wife would not sign them. Miss Leach conveyed to Roos. Defendant got half of the $6,000.00 commission and retained the $2,500.00 profit on the sale to Roos; but it paid $3,000.00 to Smith-Nixon for commission.
Defendant's principal contention is that it never was agent for Utlaut; but, it argues a view of the evidence most favorable to it and particularly relies upon statements of the present plaintiff, Utlaut's executor, on cross-examination to the effect that he did not employ defendant as agent and never talked to or negotiated with anyone except Bindbeutel. However, we think the oral and documentary evidence we have set out would warrant a finding that defendant did become an agent for Utlaut. The fact that Schiffer never saw or talked to Utlaut is not decisive, as defendant contends.
The relation of principal and agent is created by "manifestation of consent of one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. A. L. I. Restatement of Agency, Sec. 1 and Sec. 5. Manifestation of consent may be by conduct; it is not essential that there be a contract between the principal and agent. Restatement of Agency, Sec. 26, comment a; Hawkins v. Laughlin, Mo.App., 236 S. W.2d 375; 2 C.J.S., Agency, §§ 22-23, p. 1044. Here defendant signed the contract of sale, acknowledging receipt from the buyer of the $2,000.00 earnest deposit as agent of the seller. Utlaut, as the seller, signed an approval of this act of agency and an agreement to pay $6,000.00 commission to defendant and Boehmer for making the sale; defendant went on with the transaction under this agreement. This could reasonably be construed as an offer by defendant to Utlaut to act as his agent, to make the sale with Boehmer, and acceptance thereof by Utlaut in a way which had the effect of an express appointment of defendant as his agent. Certainly, the evidence was sufficient to support a finding by the jury that defendant's conduct indicated that it was acting in the transaction solely as agent for Utlaut. We, therefore, hold that plaintiff made a jury case on this issue.
"The rule is universal that an agent authorized to sell property for another cannot himself be the purchaser, unless he discloses fully to his principal that he is the purchaser, revealing everything within his knowledge relating to the transaction." Benson v. Watkins, 313 Mo. 426, 285 S.W. 407, 408; Holt v. Joseph F. Dickmann Real Estate Co., Mo.App., 140 S.W.2d 59, 64; Williams v. Johnston, 194 Mo.App. 242, 186 S.W. 1163; Restatement of Agency, Secs. 387-390; 8 Am.Jur. 1039, Sec. 91; 12 C.J.S., Brokers, § 42, p. 102. "An agent is not allowed to put himself in a position antagonistic to his principal, or speculate in the subject of the agency. The most open, ingenuous, and disinterested dealing is required of him." Holt v. Dickmann Real Estate Co., supra. An agent who secretly purchases the subject of the agency through a straw party and sells it at a profit, or otherwise secretly deals with the property to the disadvantage of his principal, forfeits his right to commission and must account for his profit. Northcutt v. Fine, Mo.Sup., 44 S.W.2d 125; Harrison v. Craven, 188 Mo. 590, 87 S.W. 962; Van Raalte v. Epstein, 202 Mo. 173, 99 S. W. 1077; 8 Am.Jur. 1067, Sec. 142; 12 C. J.S., Brokers, § 69, p. 158. Defendant does not even claim that any disclosure of the real facts of the transaction was made and there was evidence of studied concealment and specific denials of the true facts. We, therefore, hold that plaintiff did make a case for the jury of violation of fiduciary relation by defendant.
We also hold the Court properly sustained plaintiff's motion for new trial on all three grounds assigned by it. These were (1) the erroneous admission of evidence to show that Utlaut realized a profit of $36,500.00 upon the sale of his property; *764 (2) improper argument on behalf of defendant with respect to this profit, which the Court found was prejudicial and influenced the jury in returning a verdict for defendant, and (3) the Court's error in refusing instruction A requested by plaintiff. What Utlaut paid for the property was completely irrelevant to any legitimate issue in the case. See Wiener v. Mutual Life Ins. Co., 352 Mo. 673, 179 S.W.2d 39. As said in a similar situation, in Clinkscales v. Clark, 137 Mo.App. 12, 118 S.W. 1182, 1184: "It is immaterial that the land bought by plaintiff was worth all he paid for it. He was entitled to fair treatment at the hands of his agent and a full disclosure of all the terms of the agreement made for his benefit." It was error to admit this fact in evidence and it was error to permit argument of this false issue to the jury.
Refused instruction A was as follows: "The Court instructs the jury that if under the evidence and the other instructions you find for the plaintiff and against the defendant, then in fixing plaintiff's actual damages you are not to take into consideration the money paid by the Glick Real Estate Co., Inc. to Smith-Nixon Realty Company, if any, as commission on the resale of the property mentioned in the evidence to Gus L. Roos and his wife." This instruction was offered because defendant's evidence showed that it paid $3,000.00 commission to Smith-Nixon for making the sale to Roos. Because of this, it was argued that defendant got no commission out of the deal; and that it was entitled to make $2,500.00 on it. However, the agreement was, or at least the jury could have so found, that Utlaut was paying defendant $3,000.00 commission for making the sale as his agent. If defendant was unfaithful to its trust as such agent and secretly made a profit for itself, as all the authorities show, it was not entitled to keep either the profit or the commission and what it did with the money was no defense to plaintiff's claim for its recovery. See Van Raalte v. Epstein, supra, 202 Mo. loc. cit. 196, 99 S.W. 1077. Plaintiff was entitled to have the jury so instructed.
Since this case must be retried, we will consider two other assignments which plaintiff says justifies the Court's order for a new trial. The first is giving instruction No. 4 as follows: "The Court instructs the jury that a purchaser of real estate has a right to purchase said property in the name of a straw party, and the mere fact that the purchase is made in the name of a straw party does not make the transaction fraudulent or illegal."
This instruction is an abstract statement of law which was misleading because not related to the issues in this case. It should not be given where the principal issue is whether a selling agent is using a straw party secretly to buy the property, which he is employed to sell, without the knowledge of his principal. It is not true that he has the right to purchase the property in the name of a straw party under those circumstances, because he has no right to purchase it at all except with the knowledge and consent of his principal after full disclosure of the facts; and the fact that defendant made the purchase in the name of a straw party is evidence of a fraudulent transaction in this case.
The other matter, suggested by plaintiff, was defendant's cross-examination of him about the inventory filed in his son's estate showing this suit as the only asset of the estate and which did not include the $85,000.00 notes secured by trust deed on the property or any of the cash payment. Apparently, defendant was trying to find out by this cross-examination whether plaintiff or his son was the real owner of this property. We think this was proper on the issue of punitive damages. The circumstances of both parties are material to that issue. Beck v. Dowell, 111 Mo. 506, 20 S.W. 209; also Id., 40 Mo.App. 71; Dailey v. Houston, 58 Mo. 361; 15 Am.Jur. 784, Sec. 346; 25 C.J.S., Damages, § 126, p. 743. As we said in Coats v. News Corporation, 355 Mo. 778, 197 S.W.2d 958, 963, "such damages are not a matter of right in any case but rest in the discretion of the jury." Therefore, it is proper to give the jury this information.
The order granting a new trial is affirmed and the cause remanded.
All concur.