Dorothy C. McKEEHAN, Plaintiff-Respondent,

v.

Jacob M. WITTELS et al., Defendants-Appellants.

No. 35059.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 26, 1974.

Susman, Willer & Rimmel, Leonard Komen, St. Louis, for defendants-appellants.

Thomas M. Carney, Robert H. Garfield, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendants, Jacob M. Wittels, Malcolm Wittels, Ilene Wittels, and Wittels Investment Co., Inc. from a joint judgment entered by the Circuit Court of St. Louis County, Missouri, in favor of plaintiff, Dorothy M. McKeehan, in the amount of $29,942.65 actual damages and $25,000 punitive damages. The case was tried before the court without a jury.

Appellants challenge the sufficiency of the evidence to support a finding of breach of fiduciary duty. Specifically, appellants claim:

1. The judgment was against the weight of the evidence because the material elements of an action for breach of fiduciary duty had not been proven.

2. There was insufficient evidence to support the trial court's finding of individual liability of appellants Jacob M. Wittels, Malcolm Wittels and Ilene Wittels.

3. There is insufficient evidence to support an award of punitive damages owing to a failure to prove appellants acted in a willful, wanton or malicious manner. Appellants also assert that the evidence did not support the amount of actual damages awarded to respondents.

As a result of appellants' failure to appear at trial, the case was tried without a jury. Plaintiff submitted the following evidence to the trial court to support her cause of action: Malcolm Wittel's deposition, in-court testimony of three (3) witnesses, thirty-one (31) exhibits consisting of copies of the various deeds of trust sold by Wittels Investment Co. to plaintiff Dorothy McKeehan, recapitulations of transactions between plaintiff and defendant Wittels Investment Co. Inc., tax statements issued on the properties in question, etc. Plaintiff's witnesses were Fred M. Reichman, who was the initial attorney for Dorothy McKeehan in this matter, Lawrence Benard, Manager of the Missouri Property Insurance Placement Facility, and plaintiff Dorothy McKeehan.

The scope of our review of this court-tried case is defined in § 510.310(4), RSMo, V.A.M.S. and Rule 73.01(d), Rules of Civil Procedure, V.A.M.R. We review both the law and the evidence as in suits of an equitable nature; the judgment is not to be set aside unless clearly erroneous and due regard is to be given to the opportunity of the trial court to judge the credibility of the witnesses. Atherton v. Atherton, 480 S.W.2d 513, 515 (Mo.App.1972); Upshaw v. Latham, 486 S.W.2d 656, 658 (Mo.App.1972). Where the factual issue can only be determined from directly conflicting oral testimony, we defer strongly to the trial court's finding on the matter of credibility. Upshaw v. Latham, supra, at 656.

None of the parties below requested findings of fact or conclusions of law for final submission, nor did the trial court indicate grounds for its decision. Under such circumstances, we must assume that all fact issues were found in accordance with the result reached. Atherton v. Atherton, supra. As in Upshaw v. Latham, supra, the question for our determination is not whether plaintiff made a submissible case, but whether, on the evidence in the record, plaintiff is entitled to a judgment. We must determine whether the court below was clearly erroneous in rendering judgment for the plaintiff. These established principles form the basis for our affirmance of the judgment as to defendants Jacob Wittels, Malcolm Wittels and Wittels Investment Co., Inc., and our reversal of the judgment as to Ilene Wittels.

Appellants challenge the sufficiency of the evidence to establish proof of the material elements of an action for Breach of Fiduciary Duty. We feel that the record amply supports the judgment with respect to Jacob and Malcolm Wittels and Wittels Investment Co., Inc. On the other hand, however, with respect to Ilene Wittels, we hold that there was insufficient evidence to support the finding and judgment of Breach of Fiduciary Duty.

The judgment must be construed with reference to the records as a whole, including the pleadings. Chuning v. Calvert, 452 S.W.2d 580, 582 (Mo.App.1970). Consequently, we look to plaintiff's complaint, defendants' answer, and the evidence introduced at trial as well as case law to determine the validity of the trial court's finding and judgment.

As the first element of her cause of action, plaintiff Dorothy McKeehan pleads the creation and existence of a confidential relationship between herself and defendants, Malcolm, Jacob, and Ilene Wittels and Wittels Investment Co., Inc. The fiduciary duty or "fiduciary relationship" discussed in this case is usually referred to as applicable to suits in equity,

but the principles underlying the doctrine in equity are also applicable to cases at law where the relation is sometimes referred to as a "confidential relation." Klika v. Albert Wenzlick Real Estate Co., 150 S.W.2d 18, 24 (Mo.App.1941); Bacon v. Soule, 19 Cal.App. 428, 434; 126 P. 384, 386 (1912). It is established law that an agency relationship can arise impliedly from the behavior and conduct of the parties. Although ". . . [t]he parties may not have intended to create the legal relationship or to have subjected themselves to the liabilities which the law imposes as a result of it, nevertheless, the relationship exists 'if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act.'" Groh v. Shelton, 428 S.W.2d 911, 916 (Mo.App.1968); Utlaut v. Glick Real Estate Company, 246 S.W.2d 760 (Mo.1952). A fiduciary relationship is created and established where there has been "a special confidence reposed in one who in equity and good conscience is bound to act in good faith, and with due regard to the interests of the one reposing the confidence . . ." Klika v. Albert Wenzlick Real Estate Co., supra, 150 S.W.2d at 24. A confidential relation exists when one relies upon and trusts another in regard to handling of property and business affairs, thus creating some fiduciary obligations. Davis v. Pitti, 472 S.W.2d 382 (Mo.1971).

■ We believe that the record supports a finding that a fiduciary relationship existed between plaintiff Dorothy McKeehan and defendants Malcolm and Jacob Wittels and Wittels Investment Co., Inc. The transcript reflects that from the outset of the series of transactions in question, plaintiff dealt directly with Malcolm and Jacob Wittels who constantly assured her that they would take care of her investments. Plaintiff also testified that Malcolm Wittels urged her to entrust her funds with the Company and claimed that the Company had extensive experience and knowledge in handling such investments. Defendant Malcolm Wittels denies in his deposition that he or anyone made such promises to Dorothy McKeehan. However, this fact issue turns completely on the credibility of the witnesses. Consequently, we apply the principle enunciated in Upshaw v. Latham, *supra,* and defer to the trial court's finding that Dorothy McKeehan's testimony was the more credible. The testimony of Dorothy McKeehan, coupled with Mr. Reichman's testimony at trial amply supports the trial court's finding that a fiduciary or confidential relationship existed between plaintiff Dorothy McKeehan and defendants Malcolm Wittels, Jacob Wittels and Wittels Investment Co., Inc. But there is no evidence either direct or circumstantial, that Ilene Wittels participated in the active management of the business or individually contributed in any way to the creation of a fiduciary relationship with plaintiff.

■ As the second element of her cause of action, plaintiff pleads that defendants breached their fiduciary duty by deliberately failing to follow her instructions, failing to disclose essential information affecting the security of her investments, and misrepresenting certain facts for the purpose of furthering their own financial position. It is established law in this state that ". . [w]hen a loss results to a principal from his agent's failure to pursue the instructions given to him, a cause of action arises in favor of the former . . ." Marshall v. Ferguson, 94 Mo.App. 175, 67 S.W. 935, 936 (1902).

". . . [S]ometimes instructions are violated in such a way as to authorize a principal to proceed directly against the agent as a debtor or for conversion. Loyalty to their trust is firmly exacted of all agents by the law, and when one uses his position for his own ends, regardless of the welfare of his principal, he becomes responsible for a resultant loss, as if he unscrupulously handles money or property confided to him to benefit himself . . . [A]n agent cannot ignore the directions given him as to

how the business put into his hands shall be transacted, and cannot use his agency for his own advantage, to the detriment of the principal." Marshall v. Ferguson, *supra*, 67 S.W. at 936.

Likewise, a fiduciary relationship between principal and agent obligates the agent to fully disclose all material facts to the principal, to strictly avoid misrepresentation and in all respects to act with utmost good faith. Groh v. Shelton, *supra*, 428 S.W.2d at 916; Klika v. Albert Wenzlick Real Estate Co., *supra*; Dittmeier v. Missouri Real Estate Commission, 237 S.W.2d 201 (Mo.App.1951). If plaintiff presented sufficient evidence to prove either that defendants deliberately ignored her instructions in order to further their own financial position, or failed to disclose material facts to plaintiff or actively misrepresented material facts to plaintiff, she will have produced sufficient evidence to support the trial court's finding of proof of the second material element of her cause of action, breach of fiduciary duty arising out of a confidential or fiduciary relationship.

Plaintiff has demonstrated with direct evidence in the form of exhibits and testimony that she entrusted to defendants Malcolm and Jacob Wittels and Wittels Investment Co., the sum of $28,813.00. Plaintiff testified that she repeatedly demanded of both Malcom and Jacob Wittels that her funds be returned to her after the various deeds of trust had matured. Plaintiff's attorney, Fred Reichman, testified that he related to defendant Malcolm Wittels that plaintiff was interested in disposing of her investments. Reichman testified that he received personal assurances from Malcolm Wittels that Dorothy McKeehan's investments would be returned to her. Consequently, the evidence indicates that both Malcolm and Jacob Wittels had personal knowledge of plaintiff's instructions and knowingly disregarded them. Secondly, both plaintiff and her attorney testified that Malcolm and Jacob Wittels renewed the deeds of trust on several par-

cels of property without her consent and against her expressed wishes. Such evidence is sufficient to sustain a finding that defendants Malcolm and Jacob Wittels and Wittels Investment Co., knowingly failed to follow plaintiff's explicit instructions regarding the handling of her investments.

There is also a strong inference from other direct evidence that defendants *deliberately* ignored plaintiff's instructions in order to further their own financial position. Malcolm Wittels admitted in the deposition that when several of the deeds of trust were first renewed, plaintiff could have recovered her investments by foreclosure. There is also direct evidence in the deposition and testimony at trial that Wittels Investment Co., held second deeds of trust on the same parcels of property as plaintiff's first deeds of trust. Malcolm Wittels testified in his deposition that payments on the first deeds of trust would invariably be interest and no principal, while payments on the seconds would include both interest and principal. The second deeds of trust were therefore more valuable than the first deeds of trust held by plaintiff. It would naturally be to defendants' financial disadvantage to have plaintiff foreclose at maturity instead of renew, since foreclosures would dissolve the profitable second deeds of trust. Such evidence is more than sufficient to sustain the finding that these defendants deliberately ignored plaintiff's instructions so that their own financial positions would be enhanced.

 We also find ample evidence to sustain a finding that Malcolm and Jacob Wittels and Wittels Investment Co., breached their fiduciary duty to plaintiff by failing to disclose material facts regarding her investments. It is the established law in this jurisdiction that the existence of a confidential or fiduciary relationship between principal and agent obligates the agent to make a complete and full disclosure of all material facts concerning the transaction which might affect the principal's decision regarding his or her invest-

ments. Groh v. Shelton, *supra,* 428 S.W.2d at 916; Dittmeier v. Missouri Real Estate Commission, *supra,* 237 S.W.2d at 206; Bowers v. Boyd, 105 S.W.2d 59, 64 (Mo. App.1937).[1] Similarly, it is a breach of fiduciary duty for an agent to occupy a position antagonistic to his principal. Van Raalte v. Epstein, 202 Mo. 173, 99 S.W. 1077, 1081 (1906). An agent will not be permitted to enter into any transaction with his principal on his own behalf respecting the subject matter of the agency, unless he acts with entire good faith and without any undue influence or imposition and makes a full disclosure of all the facts and circumstances attending the transaction. Rosenfeld v. Glick Real Estate Company, 291 S.W.2d 863, 872 (Mo.1956).

Plaintiff's evidence strongly supports the trial court's finding that the defendants Malcolm and Jacob Wittels and Wittels Investment Company did occupy a position antagonistic to plaintiff and consequently failed to disclose all necessary facts to plaintiff regarding her investments. The record is clear that as to certain parcels of property, defendants sold the first deeds of trust to plaintiff and held on to the more profitable second deeds themselves. This arrangement is highly suspect since it is usually the first deeds of trust which pay interest and principal, not the second. Taking into consideration the evidence of plaintiff's lack of sophistication in the area of real estate transactions, and of defendants' knowledge of her dependence (both physical and intellectual) on their judgment, it is not unreasonable to conclude that she was totally unaware of the Wittels' ownership of the second deeds of trust which operated to her disadvantage. De-

fendant Malcolm Wittels testified in his deposition that he would not and did not recommend to plaintiff that she foreclose. Plaintiff had no way of knowing that this advice was totally self-serving. Plaintiff also introduced exhibits and testimony that tax liens existed on all of the parcels of property held under the deeds of trust purchased from defendants. Malcolm Wittels testified that he knew that a tax lien was considered to be a first lien on the property. There is strong evidence that Malcolm and Jacob Wittels were aware of the existence and accrual of tax liens on the properties at the time plaintiff purchased and held the deeds of trust. ". . . [A] mortgage or deed of trust in the nature of a mortgage, given on land to secure the payment of a debt, is now regarded in this State as being in its last analysis a lien and nothing more . . ." Klika v. Albert Wenzlick Real Estate Co., *supra,* 150 S.W.2d at 24. When the deeds of trust were given to Dorothy McKeehan under the circumstances shown in the evidence, she was justified in believing she was purchasing a *first* deed of trust constituting a *first* lien on the property and not subject to any prior tax liens. The record clearly reflects the extreme unlikelihood that defendants Malcolm and Jacob Wittels were unaware of these tax liens. Their failure to disclose the tax liens to plaintiff at the time of sale and the failure to disclose the accrual of these tax liens was more than sufficient evidence to sustain the trial court's finding and judgment with respect to these defendants.[2]

We have carefully read the record and have concluded that there is substantial evidence to support the trial court's finding

---

1. The authorities cited above establish that in a confidential relationship, an agent's failure to disclose material facts to the principal will support a cause of action for fraud. While we are not concerned with the issue of fraud on review here, it is reasonable to conclude that plaintiff's evidence of fraud is sufficient to sustain a finding of deliberate breach of fiduciary duty.

2. Appellants claim that there is insufficient evidence to sustain a finding of active misrepresentations. It must be remembered that this judgment need not be based on active misrepresentation. The cause of action is for Breach of Fiduciary Duty based in part on evidence of the defendants' failure to reveal facts which as agents it was their duty to reveal. We need not discuss here whether or not these failures to disclose would support a cause of action for Fraud.

that defendants Malcolm and Jacob Wittels and Wittels Investment Company breached their fiduciary duty to plaintiff.[3] However, we find no evidence in the record, either direct or circumstantial, of Ilene Wittels' participation in either the creation of the fiduciary relationship or the subsequent breach of duty.

An officer of a corporation is generally not liable unless he had actual or constructive knowledge of the wrong done by the corporation and participated therein. Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.2d 758, 764 (1931). Nor is one corporate officer's knowledge of wrongdoing imputable to other officers. National Rejectors, Inc. v. Trieman, 409 S.W.2d 1, 44 (Mo.1966). There is authority for the principle that, " . . . 'corporate officers, charged in law with affirmative official responsibility in the management and control of the corporate business, cannot avoid personal liability for wrongs committed by claiming that they did not authorize and direct that which was done in the regular course of that business . . .'" Curlee v. Donaldson, 233 S.W.2d 746, 754 (Mo.App.1950). However there is no evidence in the record either that Ilene Wittels participated in the active management of Wittels Investment Company, or that the wrongs perpetrated against plaintiff were committed in the regular course of the business of Wittels Investment Company.

Appellants claim that the trial court erroneously based its finding of individual liability on § 351.525,[4] which covers involuntary dissolution of corporations whose corporate charters have been forfeited. Plaintiff does plead that Wittels Investment Company, Inc., has had its corporate

rights and privileges forfeited and that Malcolm, Jacob and Ilene Wittels succeed the corporation as statutory trustees and may be sued as such. However, plaintiff's pleadings also alleged that Malcolm and Jacob Wittels should be held individually liable on the basis of their knowledge, participation in and consent of the wrongdoings. Plaintiff also states in her brief to the court that she does not base her claim of individual liability on the above-mentioned statute. Because the trial court did not indicate the grounds for its decision, we will assume, on appeal, that the fact issues were resolved in accordance with the result reached. Atherton v. Atherton, *supra*, 480 S.W.2d at 516. Consequently, we must affirm if the judgment was correct on any theory supported by the evidence. The evidence strongly supports a finding of individual liability predicated on Malcolm and Jacob Wittels' knowledge, participation in and consent to those wrongdoings constituting breach of fiduciary duty. There is insufficient evidence to support the judgment of individual liability as to Ilene Wittels based on either theory of individual liability. Accordingly, we reverse the trial court's finding and judgment of breach of fiduciary duty with respect to Ilene Wittels. The finding and judgment of breach of fiduciary duty with respect to Malcolm Wittels, Jacob Wittels and Wittels Investment Company is affirmed.

Finally, appellants challenge the sufficiency of the evidence to support an award of punitive damages owing to a failure to prove that appellants acted in a willful, wanton or malicious manner. Appellants also claimed that the evidence did not support the amount of actual damages awarded to respondent. Respondent argues that

3. We have highlighted the evidence in the record which most strongly supports the finding and judgment. We also acknowledge the existence in the record of other convincing evidence too extensive to outline here.

4. "If any corporation shall fail to comply with the provisions of this chapter with respect to

registration . . . the corporate rights and privileges of such corporation shall be forfeited . . . and the directors and officers in office when any such forfeiture occurs shall be the trustees of the corporation . . . . and such trustees . . . may be sued as such . . . ." Section 351.525, Revised Statutes of Missouri.

these two issues were not preserved for review because they were not set forth in the motion for new trial.

■ We will consider the sufficiency of the evidence to support the award of punitive damages. The question as to sufficiency of evidence to support a judgment in a court-tried case may be raised on an appeal, whether or not the question was raised in the trial court. Lawton-Byrne-Brunter Ins. A. Co. v. Air-Flight Cab Co., 479 S.W.2d 218, 221 (Mo.App.1972). Judgments for exemplary damages are, in general, governed by the same rules and subject to the same presumptions as control other judgments. 5 C.J.S. Appeal and Error § 1567.

■ In Missouri, as well as in most jurisdictions, exemplary or punitive damages may be recovered against a wrongdoer where the wrongful acts were perpetrated in a willful wanton or malicious manner. State v. Hostetter, 344 Mo. 386, 126 S.W.2d 1173, 1175–1176 (1939). " . . . 'The test to be applied in determining whether malice existed as a basis for the award of punitive damages is whether the defendant did a wrongful act intentionally . . . without just cause or excuse . . . wantonly and with a bad motive . . .'" Mills v. Murray, 472 S.W.2d 6, 17 (Mo.App.1971). Our court holds that proof of legal malice alone will support a judgment for punitive damages. Davis v. Nash Central Motors, 332 S.W.2d 475, 481 (Mo.App.1960). We hold that the evidence in the record is sufficient to sustain the trial court's finding of legal malice with respect to the wrongdoings committed by Malcolm and Jacob Wittels and Wittels Investment Company. Accordingly, we affirm the trial court's judgment in awarding punitive damages for plaintiff against these defendants.

■ Ordinarily, an objection to the amount of recovery is a matter that should first be presented to the trial court in a motion for new trial, even in jury-waived cases. Abco Assisting Building Construction Office v. Bagley & Co., 304 S.W.2d 43, 47 (Mo.App.1957). But where the issue is not preserved in a motion for a new trial and is raised for the first time on appeal, Rule 79.03 specifically exempts from this requirement "questions of the sufficiency of the evidence to support the judgment" in court-tried cases and that is the real issue in a court-tried case. This is true because a court-tried case is not determined on appeal or allegations of error as a jury-tried case is. Instead, it is determined de novo on the facts and applicable law, with the appellate court having full authority to make its own finding of fact on the evidence that was or should have been considered by the trial court. See Judge Lawrance M. Hyde, Appellate Review of Cases. Tried by the Court Without a Jury, Journal of The Missouri Bar, Vol. 26, No. 2, P. 71–73.

■ Our review of the whole record and transcript convinces us that the trial court had sufficient evidence to sustain the amount of actual damages granted. And its award was not so inappropriate as to convince us that it was reversibly erroneous. Therefore we find this issue against defendants.

Judgment affirmed as to Malcolm Wittels, Jacob Wittels and Wittels Investment Company. Judgment reversed as to Ilene Wittels.

SMITH, P. J., and CLEMENS, J., concur.