In re Dean G. HANSEN and Elizabeth Hansen, Debtors.

William S. McNUTT, Plaintiff,

v.

Dean G. HANSEN and Elizabeth Hansen, Defendants.

Bankruptcy No. 80–00114–S.
Adv. No. 80–0240–S.

United States Bankruptcy Court,
W. D. Missouri.

Feb. 1, 1982.

Robert L. Hamann, Prairie Village, Kan., for plaintiff.

Joseph L. Cox, Tonganoxie, Kan., for defendants.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In January of 1974, William S. McNutt, hereinafter plaintiff, and his wife, Lillian, now deceased, owned a farm in southeast Jackson County, Missouri, within this judicial district. Because of his age and his wife's declining health, plaintiff was attempting to sell the farm. He was approached by representatives of Stevens & Co., a real estate company, who indicated they wanted to try to sell the farm. Plaintiff entered into an "Exclusive Sale and Lease Agreement" with the Stevens Co. on January 18, 1974, and ending May 18, 1974. The property was to be sold for $1,500.00 per acre amounting to a price of $250,000 with 25% down and the Stevens Co. was to be paid a 10% commission.

J. William Stevens made several visits to the farm. Plaintiff said he never saw any prospective buyer. Nonetheless, in late March or early April of 1974, Stevens told plaintiff he had a buyer for the price and on the terms demanded. The buyers were Dean G. Hansen and Betty S. Hansen. Plaintiff never met the Hansens. He thought Mr. Hansen was present at the closing but was not sure. In response to a question from the Court, plaintiff said he would not know Mr. Hansen if he saw him and did not know if the Hansens received any money in the transaction or retained any of the land.

At the closing the property was conveyed to the Hansens. The Hansens gave back a deed of trust securing a note for $194,600.00 for the balance of the purchase price. Stevens & Co. received a $25,000 commission and the balance of the cash was paid over to plaintiff. On the very day of the closing the Hansens conveyed a quarter of the quarter section to Stevens & Co. for "Ten Dollars ... And Other Valuable Consideration." On April 23, 1974, six days after the closing, the Hansens conveyed all the property securing the deed of trust to J. William Stevens, again for ten dollars and other valuable consideration. Stevens did not assume the obligation under the deed of trust but took subject to it.

The interest payments called for by the note were paid in 1975 and 1976. They

were paid by Stevens. The Hansens made no payments. In a transaction in which the Hansens were not involved, the deed of trust was released. The land was sold but plaintiff was not paid the balance of the purchase price. He eventually sued the Hansens and the real estate company for fraud in Jackson County Circuit Court. When the Hansens filed bankruptcy, the state court case was dismissed as to them and refiled in this Court as an objection to discharge.

In his complaint plaintiff alleges that the property was conveyed to the Hansens upon representations that they were bona-fide purchasers of the real estate, that the representations were knowingly false and purposely made to induce plaintiff to make the conveyance and that the Hansens knowingly participated in the whole transaction. An answer was filed generally denying all of the material allegations of the complaint. Dean G. Hansen admitted being employed by Stevens & Co. as a real estate agent at the time of this transaction. During the course of discovery, defendants admitted the validity of the various deeds they signed. Dean G. Hansen also admitted being present at the closing. He denied receiving any payment for his part in the transaction.

The matter was set for trial. Plaintiff appeared in person and by counsel. Defendants appeared by counsel. They had moved to Texas during the pendency of these proceedings and advised their attorney they would not appear. Evidence was heard and the matter taken under advisement.

There is little dispute as to the evidence and the Court finds the facts as set out above. Plaintiff argues that because Dean G. Hansen was employed by Stevens & Co. and defendants knowingly participated in the transaction, and plaintiff suffered damages as a result of the whole transaction, the obligation should be declared non-dischargeable as to them.

Plaintiff alleges the transaction is nondischargeable under the provisions of Section 523(a)(2)(A)—the obtaining of property by false representations or actual fraud. The language of this portion of the statute is carried over from Section 17(a)(2) of the Bankruptcy Act, Section 35(a)(2), Title 11, U.S.C., now repealed, and carries the standard established by decisions construing the statute. 3 Collier on Bankruptcy ¶ 523.08 (15th Ed.). There must be proof of actual fraud.

> "Courts have consistently held that in order for Section 17a(2) to bar a discharge, the party alleging fraud must prove actual or positive fraud, not merely fraud implied by law ... This fraud is the type involving moral turpitude or intentional wrong, and thus there can be no mere imputation of bad faith." *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir. 1975). See also *In re Huff*, 1 BR 354 (BC Utah 1979).

Plaintiff has the burden of proof in these matters. Rule 407, Rules of Bankruptcy Procedure. The evidence must be clear and convincing. *In re Lyon*, 8 B.R. 152 (Bkrtcy. Me.1981); *In re Stone*, 11 B.R. 209 (Bkrtcy. S.Caro.1981). Here, plaintiff got the purchase price he wanted, although the terms were not as set out in the exclusive agreement. He apparently had his attorney present at the closing. He received a cash down payment and a note secured by a deed of trust, properly recorded, for the balance. While the testimony suggests that plaintiff was not happy about paying a commission to Stevens & Co. for selling to itself, he did not say he would not have sold to Stevens if he had known the company was the buyer. The agreement does not prohibit such a sale, but having been drafted by the company, the absence of a prohibition is not persuasive.

The evidence shows that the Hansens had no real interest in the sale. They advanced no funds; no commission was paid to either of them and they did not retain ownership of the property. The Court finds they were straw parties.

The use of a straw party in a real estate transaction is accepted practice. By definition it is a deception but "the use of a straw party in transferring real estate is not in

itself unlawful or fraudulent." *Benton v. Alcazar Hotel Co.*, 352 Mo. 836, 180 S.W.2d 33, 38 (1944). A Missouri court has held that conveyances through a straw to avoid personal liability on a deed of trust is not fraudulent. *Mesker v. Harper Real Estate & Investment Co.*, 221 S.W. 407 (Mo.App. 1920). See also *State ex rel. Mesker v. Reynolds*, 245 S.W. 1065 (Mo.1922).

On the other hand, Missouri law generally holds that "an agent authorized to sell property for another cannot himself be the purchaser, unless he discloses fully to his principal that he is the purchaser." *Utlaut v. Glick Real Estate Co.*, 246 S.W.2d 760, 763 (Mo.1952); *Blakeley v. Bradley*, 281 S.W.2d 835 (Mo.1955).

■ Here the use of the straw was to conceal the identity of the buyer. Dean G. Hansen attended the closing and signed documents as he was directed. As a straw, he did whatever was expected of him. He made no representations to plaintiff and apparently never even spoke to plaintiff. There is no evidence that the Hansens received any benefit for acting as straws in the transaction. The Court is constrained from commenting on the transaction as a whole because of litigation pending in other courts. The Court does hold, however, that merely acting as a straw in a real estate transaction is not such conduct as would create a non-dischargeable obligation.

■ Assuming, arguendo, that there was fraud by Stevens & Co. in the procuring of the conveyance, about which the Court makes no finding, do the facts that Dean G. Hansen was an employee of the company and that debtors were parties to the transaction in their capacities as straws, make them liable? There is no evidence that debtors made any representations to plaintiff. There is no evidence that debtors knew whether plaintiff had knowledge that they were straws or not. There is no evidence that debtors knew anything about how Stevens & Co. has persuaded plaintiff to sell to them. Absent some evidence of knowledge or participation, the fraudulent acts of a party cannot be imputed to another party. *Sweet v. Ritter Finance Compa-*

*ny*, 263 F.Supp. 540 (W.D.Va.1967). See also *Matter of Wood*, 571 F.2d 284 (5th Cir. 1978) and *In re Davis*, 11 B.R. 156 (Bkrtcy. Vt.1980).

The objection to discharge is DENIED.

This Order constitutes Findings of Fact and Conclusions of Law as required by Rule 752, Rules of Bankruptcy Procedure.